Henry F.K. KERSTING, Plaintiff,

v.

UNITED STATES of America, Defendant.

PACIFIC PARADISE, INC.,
et al., Plaintiff,

v.

UNITED STATES of America, COMMIS-
SIONER OF INTERNAL REVENUE
and Alan Nishigaya, Defendants.

Civ. Nos. 90–00304 HMF, 91–00747 DAE.

United States District Court,
D. Hawaii.

Dec. 17, 1992.

L.T. Bradt, Houston, TX, Matthew K. Chung, Honolulu, HI, for plaintiffs.

Daniel A. Bent, U.S. Atty., Michael Chun, Thomas A. Helper, Omer G. Poirier, Asst. U.S. Attys., Honolulu, HI, Karen R. Osborne, Carolyn D. Jones, Jay P. Golder, Martin M. Shoemaker, U.S. Dept. of Justice, Trial Attys., Tax Div., Washington, DC, for defendants.

ORDER DENYING UNITED STATES' MOTION TO DISMISS IN CIVIL NO. 90–00304 AND GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION TO DISMISS IN CIVIL NO. 91–00747

FONG, District Judge.

## INTRODUCTION

On December 15, 1992, the court held a hearing on the government's motions to dismiss in two of three consolidated cases which involve penalties assessed by the IRS for abusive tax shelters. The three cases are *Kersting v. United States*, CV 90–00304 ("*Kersting I*"); *Pacific Paradise, Inc. et al. v. United States*, CV 91–00747; and *United States v. Kersting*, CV 92–00593 ("*Kersting II*"). The motions to dismiss before the court affect the first two cases in which the government is the defendant, *Kersting I* and *Pacific Paradise*. The government filed its motion to dismiss in *Kersting I* on September 10, 1992 and its "Motion to Dismiss Counts One Through Seven and Count Nine of Plaintiffs' Complaint" in *Pacific Paradise* on August 31, 1992.

Kersting and the *Pacific Paradise* plaintiffs did not file any memoranda in opposition to either motion, apparently because they relied upon a planned bankruptcy filing by Kersting to stay these cases. Kersting declared bankruptcy on December 7, 1992, and filed a "Notice of Bankruptcy Filing and Automatic Stay" on December 9, 1992 purporting to stay all three cases. On December 10, 1992, Magistrate Judge Kurren held that the stay affected only those cases or claims against Kersting as a defendant. Thus, *Kersting II* is stayed, and the government's counterclaim in *Kersting I* is stayed.

Kersting's complaint in *Kersting I* and *Pacific Paradise* are not stayed because they do not seek relief against the debtor. Despite the ruling that the case was not stayed, Kersting and the *Pacific Paradise* plaintiffs have not filed any memoranda in opposition.

## BACKGROUND

These three cases involve the efforts of the Internal Revenue Service to collect tax penalties assessed against Kersting for promoting abusive tax shelters. *Kersting I* is Kersting's refund suit seeking return of his partial payment of the penalties assessed. The thirty three corporate plaintiffs in *Pacific Paradise* are alleged by the IRS to be the nominees or alter egos of Kersting—these thirty three corporations filed the *Pacific Paradise* suit to enjoin IRS levies placed on their bank accounts to collect Kersting's assessed penalties.

## DISCUSSION

I. *Motion to Dismiss Kersting I for Lack of Subject Matter Jurisdiction*

■ The government contends that this court lacks subject matter jurisdiction because Kersting has not fulfilled the statutory prerequisites of 26 U.S.C. § 6703[1] for filing a suit for a refund of an assessed penalty. The government contends that Kersting was required to pay 15% of the entire penalty assessed against him as a prerequisite to a suit. However, the penalty was assessed for activities spanning several years, and Kersting counters that he need only prepay 15% of the penalty assessed for one year, which he did. The court must decide between the differing interpretations of section 6703.

Section 6700 allows the IRS to assess penalties for the promotion of abusive tax shelters. Section 6703 allows a taxpayer to file suit in district court for a refund of a penalty assessed under section 6700, provided that the taxpayer first pays "not less than 15 percent of the amount of such penalty...."

---

1. Unless otherwise indicate, all statutory references are to the Internal Revenue Code, (26 U.S.C.).

The statute is ambiguous as to whether the IRS may assess one aggregate penalty for several years of promoting of abusive tax shelters, and thus require the taxpayer to pay 15% of the entire, aggregate penalty as a prerequisite to a refund suit. The courts have split on this issue, but the Ninth Circuit has taken Kersting's side, holding in dicta that section 6700 penalties are determined annually rather than as an aggregate. *Bond v. United States,* 872 F.2d 898 (9th Cir.1989); *see also Spriggs v. United States,* 660 F.Supp. 789 (E.D.Va.1987); *contra In re Tax Refund Litigation,* 766 F.Supp. 1248, 1259 (E.D.N.Y.1991). Although the IRS argues vigorously that the *Bond* opinion is poorly reasoned and incorrect, *Bond* still represents the only appellate authority on this issue in the Circuit, and this court will follow it. Thus, we hold that section 6700 penalties are assessed annually, and that section 6703 allows Kersting to challenge the penalty in a refund suit by paying 15% of the annual penalty. Therefore, the court DENIES the government's motion to dismiss *Kersting I.*

## II. *United States' Motion to Dismiss Counts One to Seven and Count Nine of Pacific Paradise*

As discussed above, the *Pacific Paradise* plaintiffs are 33 corporations which the IRS alleges are the alter egos of Kersting. Based on this alter ego theory, the IRS levied the plaintiffs' bank accounts.

In this motion, the IRS moves to dismiss eight of nine counts in the plaintiffs' complaint. The IRS contends that plaintiffs' only possible remedy as a matter of law is a suit for wrongful levy under section 7426, plaintiffs' count eight.

### A. Standard of Review

Rule 12(b) of the Federal Rules of Civil Procedure provides as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state

a claim upon which relief can be granted. . . .

■ In considering a 12(b)(6) motion to dismiss, the general rule is that a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 112, 2 L.Ed.2d 80 (1957)); *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir.1980); *California ex. rel. Younger v. Mead,* 618 F.2d 618, 620 (9th Cir.1980).

■ In evaluating a complaint, the court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

### B. First, Second, and Third Causes of Action

The first, second, and third causes of action allege that the IRS levies on plaintiffs' bank accounts violate constitutional due process and equal protection guarantees. The government contends that these counts should be dismissed because (1) plaintiffs have no standing to challenge the penalties assessed on Kersting; (2) the assessments and levies were constitutional; and (3) plaintiffs' count eight which alleges a violation of section 7426 affords plaintiffs with an adequate remedy.

#### 1. *Standing*

■ The government contends that the plaintiff corporations have no standing to challenge the constitutionality of the assessments because the penalties were not assessed against the plaintiffs but rather against Kersting.

Article III of the Constitution limits the judicial power of the United States to the resolution of cases or controversies. *Valley Forge Christian College v. Americans Unit-*

ed For Separation of Church and State, Inc., 454 U.S. 464, 471 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). In order to satisfy the "case or controversy" requirement, the Supreme Court always has required that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit. *Id.*

■ "Standing has been called one of 'the most amorphous [concepts] in the entire domain of public law.'" *Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). The concept of standing subsumes a blend of constitutional requirements and prudential considerations. *Valley Forge,* 454 U.S. at 471, 102 S.Ct. at 757–758. At a minimum, Article III requires that the litigant satisfy three requirements: (1) he must have suffered personally an actual or threatened injury in fact; (2) the injury must be a result of the defendant's action; and (3) the injury must be redressable by a judicial decision. *Id.* 454 U.S. at 472, 102 S.Ct. at 758.

■ In addition to the Article III constitutional requirements, "the federal judiciary has also adhered to a set of prudential principles that bear on the question of standing." *Id.* 454 U.S. at 475, 102 S.Ct. at 760. These prudential restrictions are similar to the case and controversy requirements of the Constitution. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). The court will not adjudicate "abstract questions of wide public significance" which amount to "generalized grievances," most appropriately addressed in the representative branches. *Id.* 422 U.S. at 499–500, 95 S.Ct. at 2205. Finally, the plaintiffs' concrete injury must fall within "the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Association of Data Processing Service Orgs. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). *See generally Valley Forge,* 454 U.S. 464, 102 S.Ct. 752.

An injury in fact exists when the plaintiff has "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 805, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985) *quoting Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). "A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged ... action...." *United States v. Students Challenging Regulatory Agency Procedures ("SCRAP"),* 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973). Although these "allegations must be true and capable of proof at trial," *Id.* 412 U.S. at 689, 93 S.Ct. at 2416, "all that is needed to enable the suit to be maintained ... is the good-faith allegations of the complaint, rather than what the evidence shows." *ACLU of Illinois v. City of St. Charles,* 794 F.2d 265, 269 (7th Cir.), *cert. denied,* 479 U.S. 961, 107 S.Ct. 458, 93 L.Ed.2d 403 (1986).

■ Plaintiffs can make a cognizable claim of an injury in fact by alleging a non-economic injury. *See United States v. SCRAP,* 412 U.S. at 686, 93 S.Ct. at 2415. Moreover, the fact that many persons share the same injury as plaintiffs is not sufficient reason to disqualify them from seeking judicial review. *Id.,* 412 U.S. at 687–688, 93 S.Ct. at 2415.

The IRS seems to argue most strenuously that the plaintiffs lack standing under the prudential test, but in the alternative, it also seems to argue that plaintiffs lack constitutional standing as well.

The constitutional standing argument may be quickly disposed of because the government's argument that plaintiffs have only suffered a speculative harm is unsupportable. The government has levied on the bank accounts of the plaintiffs—taking a plaintiff's money is the prototypical "concrete and particularized interest" and can hardly be characterized as speculative.

However, the prudential standing argument has more merit. The prudential element of standing usually forbids one person from asserting the rights of another. The government argues that section 6703 allows only the assessed taxpayer to challenge the section 6700 penalty. Here, the assessed taxpayer is Kersting and not the plaintiff corporations. Moreover, Kersting is also

present before this court with his own action challenging the same statutes.

Another factor in favor of dismissal is that plaintiffs have the remedy of section 7426 which allows them to challenge a wrongful levy. As stated above, this is count eight of the complaint.

Therefore, the court finds that the *Pacific Paradise* plaintiffs have no standing to litigate the constitutionality of the assessments against Kersting, and GRANTS the motion to dismiss plaintiffs' counts one, two, and three for lack of standing.

## C. Plaintiffs' Fourth Cause of Action

■ The fourth cause of action alleges that the IRS has unconstitutionally interfered with the plaintiffs' liberty and property rights and their right to engage in their chosen occupations.

The government interprets this rather vague allegation in conjunction with another sentence on page 10 of the complaint that alleges infringement of commercial speech to mean that plaintiffs are alleging violation of their First Amendment rights. The government then argues in essence that there is no First Amendment protection for abusive tax shelters, a position which the court would be hard put to dispute.

However, if the other allegations of the complaint are accepted as true, plaintiffs' count four does not fail as a matter of law. Pacific Paradise argues that it has had its property seized illegally in order to punish it for its criticism of the IRS. Since this would state a claim if true, the court DENIES the motion to dismiss count four.

## D. Fifth Cause of Action—Quiet Title Claim

The government seeks dismissal of the fifth count on sovereign immunity grounds.

■ The fifth count is a quiet title claim under 28 U.S.C. section 2410(a) which allows civil suits against the United States to quiet title on property upon which the government has a lien. However, section 2410 may not be used to challenge the merits of the tax assessment underlying a lien. *Elias*

*v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). Rather, only the procedural validity of a tax lien may be contested. *Id.*

The government argues that the plaintiffs are only using section 2410 to challenge the merits of the assessment, and that count five should be dismissed. However, because the plaintiffs also attack alleged procedural defects in the liens, the plaintiffs should be allowed to proceed on these procedural claims. Thus, the court DENIES the government's motion to dismiss count five.

## E. Sixth Cause of Action for Damages

### 1. *Claims Against Defendant Nishigaya*

■ Count six is a claim for damages against IRS agent Alan Nishigaya alleging that he violated "applicable statutory and constitutional authority" in filing the tax liens. The government and Nishigaya contend that the cited statutes do not allow suits against individual agents, and that Nishigaya is entitled to qualified immunity.

The court agrees with Nishigaya's argument that sections 7432 and 7433 allow suits only against the United States. Section 7432(a) provides:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages *against the United States* in a district court of the United States.

Section 7433, authorizing suits for unauthorized collection practices, is similarly restricted to suits against the United States. Thus, the statutory damages claims of count six against Nishigaya are DISMISSED.

However, the constitutional claim survives the dismissal motion. Nishigaya argues that he is entitled to qualified immunity for his discretionary acts. Although that may be true, on a motion for dismissal the court must assume the truth of plaintiffs' allegations that Nishigaya abused his discretion, and accordingly, must DENY the motion to dismiss the constitutional claims against Nishigaya.

### 2. *Damage Claims Against the United States*

 Although count six only seeks recovery against Nishigaya on its face, it should be interpreted to seek statutorily authorized damages against the United States. *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1052, 10 L.Ed.2d 191 (1967).

The government argues that the complaint does not allege sufficient facts for liability under sections 7432 and 7433. The court disagrees. The complaint can be read to allege that Nishigaya failed to release illegal liens with knowledge or negligence in violation of section 7432. The government is sufficiently apprised of the alleged conduct to defend itself. Therefore, the court DENIES the motion to dismiss count six.

### F. Seventh Cause of Action—Request for Injunction

 The seventh cause of action alleges that the government has been issuing collections summonses to plaintiffs' financial institutions without notice to plaintiffs, and requests an injunction. The government moves to dismiss this count on the grounds that this is too vague to understand, that the plaintiffs are not entitled to summonses, and that the anti-injunction act prevents the requested relief.

The court agrees that the allegations in count seven are very vague. If plaintiffs are contending that the government is issuing summonses to Kersting's bankers, they do not say why plaintiffs are entitled to notice. Indeed, the IRS is allowed to summon records of a taxpayer without notice when trying to collect an assessment. Section 7609(c)(2)(B)(i). Thus, the government's claim of vagueness does have merit, but the court finds that it does not rise to the level of requiring dismissal. Rather, discovery or a motion for a more definite statement may clarify count seven.

Moreover, although the government argues that no exception to the Anti–Injunction Act applies, this is an issue that is best reserved for a motion for summary judgment. The government has not shown that the plaintiffs' count seven must fail as a matter of law, and the motion to dismiss it is DENIED.

### G. Count Nine—Punitive Damages

 The plaintiffs have requested punitive damages in count nine for "willful, wanton, and malicious conduct." The government contends that there is no statutory basis for punitive damages, and that without the consent of the United States through a statute, sovereign immunity bars any suit for punitive damages. The government contends further that the statutory basis for plaintiffs' civil action, section 7426, does not authorize punitive damages.

The court agrees that there is no statutory basis for the punitive damages claim, and therefore, the court GRANTS the motion to dismiss count nine for punitive damages.

IT IS SO ORDERED.