169 F.3d 168
 RICO Bus.Disp.Guide 9659
 Nandakumar CHANAYIL, Parukutty Chanayil, Pramod B.
Chemburkar, Vithalbhai Dhaduk, Ranjan Dhaduk, Alida
Ferrena-Mahmud, Ranga S. Geetha, Dwipen Ghosh, Harsha Gohil,
Rasik Gohil, Prem Goyal, Peter Guha, Meera Guha, Satya Paul
Gupta, Satwant Gupta, Neela Inamdar, as Parent and Natural
Guardian of Anup Inamdar, Pawan Jain, Balachandran Kabadi,
Kamala Kabadi, Lata Karna, Melpakkam D. Kasy, Rose Marie
Kasy, John C. Koikara, Tessy J. Koikara, Padma Mahajan, Asit
B. Maity, Maitreyi Maiti, Dipak Majmudar, as Parent and
Natural Guardian of Shefali Majmudar, Suresh Matt, Anil K.
Midha, Rashmi Midha, Yogeshwar Nehra, as Parent and Natural
Guardian of Gita Nehra, Shamrao Patankar, Manali Patankar,
Anant K. Patel, Devendra Patel, Gnanesh K. Patel, as Parent
and Natural Guardian of Ami G. Patel, Indravadan M. Patel,
Rajesh M. Patel, Raja K. Prasad, B. Kishan Rao, B. Jayamma
Rao, Javed Raza, Narjis Raza, Wagar Sethi, Anila N. Shah,
Bipin M. Shah, Jayshree B. Shah, Kamini Shah, Ashvin Shah,
Kirit Shah, Dina Shah, Ramesh M. Shah, Maya R. Shah,
Srinivasan Shankar, Kailash C. Sharma, Savitri Sharma,
Ramesh Sharma, Ramanath Shenoy, Anil Solanky, Prasad
Subbanna, Ibrahim V. Tawa, Mohmed S. Tawa, Kaspal R. Thumma,
Noel Vaz, Sheela Vaz, Habibuz Zaman, Plaintiffs-Appellants,
v.
Deepak GULATI, D. Gulati & Associates, Inc., Defendants,
and
Vision of Asia, A Partnership, Banad Vishwanath, Karl
Khandalawala, Defendants-Appellees.
 Docket No. 97-9192.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 5, 1998.
Decided March 2, 1999.
 
 Krishnan S. Chittur, New York, NY, for Plaintiffs-Appellants.
 Morton Newburgh, Silverstein, Langer, Lipner & Newburgh, New York, NY, for Defendants-Appellees.
 Before: KEARSE, CARDAMONE, and POOLER, Circuit Judges.
 POOLER, Circuit Judge:
 
 
 1
 Plaintiffs brought this action pursuant to the civil liability provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. Plaintiffs allege that defendants violated 18 U.S.C. § 1962(c) and (d) by committing fraud and that this fraud induced plaintiffs to invest in certain promissory notes. Plaintiffs also allege state common law claims of fraud and misrepresentation and deceptive business practices under New York General Business Law §§ 349 and 350. The district court granted defendants' motion to dismiss plaintiffs' second amended complaint in its entirety without leave to replead. We affirm in part, vacate in part, and remand.
 
 BACKGROUND
 
 2
 Plaintiffs are Indian Americans who purchased 12% "Short Term Client Funds Placement Promissory Notes" ("the Notes") that defendant D. Gulati & Associates, Inc. issued. Plaintiffs allege that they collectively invested a total of $1,183,000 in the Notes between August 1990 and February 1992.
 
 
 3
 Vision of Asia ("VOA") is a New York partnership that broadcasts a program on cable television in New York addressed primarily to the Indian American community. Defendant Banad Vishwanath served as executive producer of the program, and defendant Karl Khandalawala was an employee of VOA and a news reporter on the program.[1] As of the time plaintiffs filed their second amended complaint, the ninety-minute program, also called "Vision of Asia," had aired on Sunday mornings for approximately eighteen years. In the late 1980's, VOA included a bi-weekly 15-minute segment on the program called "You and Your Money." The segment featured defendant Deepak Gulati providing financial information to viewers. Plaintiffs allege that "[d]efendants marketed and sold the Notes in the Segment aggressively." Although there is no question that D. Gulati & Associates actually issued the Notes, the defendants associated with VOA dispute plaintiffs' allegation that the VOA defendants "enthusiastically promoted and hyped defendant Gulati's Notes in the Segment" or otherwise participated in the sale of the Notes.
 
 
 4
 In late February 1992, the Securities and Exchange Commission ("SEC") investigated Deepak Gulati and D. Gulati & Associates ("the Gulati defendants") for violations of federal securities laws. These proceedings resulted in the entry of a consent judgment against the Gulati defendants in July 1992. The federal district court appointed a temporary receiver to liquidate the Gulati defendants' assets in order to repay investors. Gulati was sentenced to a term of forty-one months in federal prison and ordered to pay restitution totaling more than three million dollars to plaintiffs and other persons. See Gulati v. United States, No. 94 CIV 8082, 1995 WL 234716, at * 2, * 9 n. 2 (S.D.N.Y. Apr.20, 1995).[2]
 
 
 5
 Plaintiffs commenced this action in February 1994. During a pretrial conference, VOA, Vishwanath, and Khandalawala argued that the complaint was defective because it lacked properly specific allegations of wrongdoing by them. The court requested that plaintiffs amend the complaint, and plaintiffs filed an amended complaint in April 1995. At a subsequent pretrial conference, the VOA defendants raised the same objections, and the court ordered another amendment. Plaintiffs filed a second amended complaint in June 1995.
 
 
 6
 The VOA defendants moved to dismiss the second amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim and under Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity. They also moved for sanctions and an order denying plaintiffs any further opportunities to amend their complaint. Plaintiffs opposed the motion and sought sanctions against the VOA defendants for making the motion to dismiss.
 
 
 7
 The district court concluded that because the second amended complaint lacked allegations that "any of the VOA defendants participated in the preparation or presentation of what Gulati stated about the [N]otes" or that "the VOA defendants were involved in any way in the business carried on by the Gulati defendants that related to the [N]otes," plaintiffs' complaint failed to allege fraud with specificity and therefore failed to state a claim. Chanayil, 1996 WL 389252 at * 3. The court dismissed the second amended complaint without leave to further amend and denied all applications for sanctions. See id. at * 1. Plaintiffs now appeal.
 
 DISCUSSION
 
 8
 Plaintiffs argue that they have sufficiently alleged that the VOA defendants engaged in fraudulent activities and that the district court erred in dismissing the second amended complaint. We review de novo the district court's dismissal for failure to state a claim. See Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.1996).
 
 
 9
 In the first and second causes of action in their second amended complaint, plaintiffs assert RICO claims pursuant to 18 U.S.C. § 1962(c) and (d). Title 18 U.S.C. § 1962(c) provides:
 
 
 10
 It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
 
 
 11
 18 U.S.C. § 1962(c). Section 1962(d) makes it unlawful "for any person to conspire to violate" the provisions of subsections (a), (b), or (c) of Section 1962. See id. § 1962(d). A "pattern of racketeering activity" consists of two predicate acts of racketeering activity within a ten-year period. See id. § 1961(5). Predicate acts for purposes of RICO include specifically enumerated crimes, including mail fraud, wire fraud, and fraud in the sale of securities. See id. § 1961(1). The elements of mail, wire, or television fraud include (1) the existence of a scheme to defraud, (2) the defendant's knowing participation in the scheme, and (3) the use of wire, mail, or television communications in interstate commerce in furtherance of the scheme. See S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp., 84 F.3d 629, 633 (2d Cir.1996); see also 18 U.S.C. § 1343.
 
 
 12
 Plaintiffs allege generally that "defendants" engaged in mail fraud, wire fraud, television fraud, and fraud in the sale of securities. Because the mail and wire fraud allegations mention only the Gulati defendants, and contain no reference to the VOA defendants, they cannot be construed to allege a cause of action against the VOA defendants. As for the allegations of fraud in the sale of securities, plaintiffs allege only that the Gulati defendants sold the Notes in violation of the securities laws. Reading the second amended complaint in the light most favorable to plaintiffs, the only specific allegations against the VOA defendants are plaintiffs' claims that these defendants (1) "falsely present[ed] the Segment as a public service feature hosted by a respected news anchor in order to enhance its credibility in violation of federal communication laws"; (2) misrepresented to viewers that "the Segment was a community service and a pro bono feature" meant to "assist Indian Americans to be financially successful"[3]; (3) through Khandalawala, "enthusiastically promoted and hyped defendant Gulati's Notes in the Segment"; and (4) broadcast the Segment, despite their knowledge of the falsity of Gulati's claims. This final general allegation is the gravamen of plaintiff's claim of "television fraud."
 
 
 13
 Plaintiffs' allegations that the VOA defendants misrepresented their program as a public service announcement and failed to disclose to viewers the fact that VOA received payment from Gulati do not concern any of the predicate acts enumerated in Section 1961(1) and thus fail to allege a "pattern of racketeering activity" as RICO requires. Moreover, plaintiffs fail to set forth any basis whatsoever for the inference that the VOA defendants knew that Gulati's claims about the Notes were false or otherwise knowingly participated in a fraudulent scheme. Without making particular allegations of fraud, plaintiffs failed to state a RICO claim, and the district court correctly dismissed plaintiffs' first and second causes of action.
 
 
 14
 Apart from their RICO claims, plaintiffs assert only state law claims. They allege New York common law fraud and misrepresentation and a claim for deceptive business practices under New York General Business Law §§ 349 and 350. The district court made no specific ruling with regard to these state law claims but dismissed them along with the RICO claims, apparently for lack of sufficient allegations of fraud. Upon review of plaintiffs' common law fraud claim, however, we conclude that the second amended complaint is sufficient at this stage of the litigation to withstand a motion to dismiss.
 
 
 15
 Under New York law, the elements of common law fraud are "a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." Katara v. D.E. Jones Commodities, Inc., 835 F.2d 966, 970-71 (2d Cir.1987). Construed broadly, plaintiffs' allegations that the VOA defendants, with intent to defraud, characterized the Gulati segment as a pro bono feature and a public service to the Indian-American community without disclosing the fact that Gulati paid for the segment, thereby inducing plaintiffs' reliance and causing injury, are sufficient to plead common law fraud. Plaintiffs' third cause of action therefore withstands the VOA defendants' motion to dismiss. We remand to the district court to decide whether to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367.
 
 
 16
 While we conclude that plaintiffs' pleading of their state law fraud claim survives defendants' motion to dismiss, we render no opinion as to the ultimate merits of this claim. See Bernheim, 79 F.3d at 321 (holding that the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims") (internal quotation marks and citations omitted). If the district court in its discretion exercises jurisdiction over plaintiffs' state law fraud claim, our ruling today does not foreclose the possibility of a defense motion for summary judgment upon the completion of discovery. In the event that the district court decides not to exercise jurisdiction over this claim, we direct the court to dismiss without prejudice to allow plaintiffs to pursue the claim in state court.
 
 
 17
 Finally, the district court made no assessment whatsoever of plaintiffs' fifth cause of action, a claim for deceptive business practices under New York General Business Law §§ 349 and 350. In addition, although the court recognized that plaintiffs alleged in their fourth cause of action that the VOA defendants misrepresented the Gulati segment as a pro bono feature, the court did not address whether plaintiffs' allegations satisfied the elements of negligent misrepresentation under New York law. On remand, the court should assess whether plaintiffs' fourth and fifth causes of action state a claim and, if so, determine whether to exercise supplemental jurisdiction over those causes of action.
 
 CONCLUSION
 
 18
 For the reasons stated, we affirm in part, vacate in part, and remand to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 For purposes of this opinion, VOA, Vishwanath, and Khandalawala are referred to collectively as the "VOA defendants."
 
 
 [2]
 Gulati filed a Chapter 7 bankruptcy petition in 1994. See Chanayil v. Gulati, No. 94 CIV 0710, 1996 WL 389252, at * 1 (S.D.N.Y. July 11, 1996). All actions against him are thus stayed, and the action against D. Gulati & Associates is dormant. Id
 
 
 [3]
 The sections of the Federal Communications Act, 47 U.S.C. § 301, et seq., that impose disclosure and announcement requirements stations must make when they receive payments for broadcasts provide no statutory basis for a private right of action. See Guitar v. Westinghouse Elec. Corp., 396 F.Supp. 1042, 1057 (S.D.N.Y.1975)