Ramon and Nazzari HUGHES,
Plaintiffs,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Ramon and Nazzari Hughes, Plaintiffs,

v.

The United States,[1] Defendant.

Nos. 98–CV–4079 JS MLO,
98–CV–4081 JS MLO.

United States District Court,
E.D. New York.

April 22, 1999.

Order Dismissing Action June 14, 1999.

---

1. The United States was substituted for Lawrence R. Engel as defendant on June 23, 1998, by operation of law, when certification was filed establishing that Engel was acting within the scope of his employment. *See* 28 U.S.C. § 2679(d)(1).

Ramon Hughes, Baldwin NY, pro se.

Nazzari Hughes, Baldwin, NY, pro se.

Wendy J. Kisch, U.S. Department of Justice, Tax Division, Washington, DC, for Defendants.

## MEMORANDUM & ORDER

SEYBERT, District Judge.

Plaintiffs Ramon and Nazzari Hughes ("plaintiffs"), proceeding *pro se,* initiated these actions alleging that the Internal Revenue Service ("IRS") and its agents, particularly Lawrence R. Engel, have wrongfully levied on their bank account. Pending before the Court are defendants United States of America and the IRS's motion to dismiss these actions under Fed. R.Civ.P. 12(b)(1) and (6) for lack of jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons set forth below the motion is granted.

## FACTS

In April 1998, plaintiffs commenced two actions in small claims court in the District Court of Nassau County, Second Department, Hempstead Part, seeking to recover $572.72, plus interest, from the IRS or IRS revenue officer Lawrence R. Engel. On June 5, 1998, the United States removed these actions to this Court pursuant to 28 U.S.C. § 1441(a). The United States requested consolidation of these actions on June 17, 1998.

Plaintiffs' complaints arise from revenue officer Engel's collection of unpaid federal income tax, by means of an IRS levy on plaintiffs' bank account at the European American Bank ("EAB"), from which $572.72 was collected. The plaintiffs claim the funds in the bank account were exempt from levy because the seized monies were Social Security Disability funds. Plaintiffs thus argue that the defendants' actions in levying on this account was improper, and that their money should be refunded with interest.

Defendants contend that the government's levy of the funds was proper because the funds were not exempt from levy, as provided for in the Internal Revenue Code ("Code"). Defendants also argue that there is no subject matter jurisdiction because the United States is entitled to sovereign immunity.

## LEGAL STANDARD

A district court should grant a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In applying this standard, a district court must "read the facts alleged in the complaint in the light most

favorable" to the plaintiff, and accept these allegations as true. *Id.* at 249, 109 S.Ct. 2893; *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing Fed. R.Civ.P. 8(a)(2) to demonstrate liberal system of 'notice pleading' employed by the Federal Rules of Civil Procedure). The issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Chanayil v. Gulati,* 169 F.3d 168, 1999 WL 104578, at *3 (2d Cir. March 2, 1999) (quoting *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996)).

## DISCUSSION

The plaintiffs' complaints in both 98–CV–4079 and 98–CV–4081 are very sparse. Both complaints read as follows:

> On the date of June 17, 1996 the defendant, Lawrence R. Engel, a revenue officer, representing the Internal Revenue Service, SEIZED and removed from the European American Bank account of the plaintiff's [sic]. The defendant, Agent Engel, was informed of the exempt status of the Social Security Disability funds, which amounted to $572.72.

Plaintiffs cite no authority in their complaints for the proposition that the IRS and Engel were not entitled to seize the funds in question.

■ However, the Court recognizes that it is required to construe this *pro se* complaint liberally, and must hold allegations found in *pro se* complaints to "less stringent standards" than those drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)

(per curiam). Moreover, on a motion to dismiss, the Court must accept as true all the facts in the complaint. *H.J. Inc.,* 492 U.S. at 249, 109 S.Ct. 2893. With these standards in mind, the Court proceeds to an analysis of the claims.

Plaintiffs appear to have alleged in their complaint that the IRS, acting through Engel, unlawfully seized or levied upon certain of their assets which were located in an account at EAB. Plaintiffs claim that these funds, in the amount of $572.72, were exempt from levy as Social Security Disability payments, and that Engel was notified of this exemption. The defendants accept these claims as the thrust of the complaints, but argue that the complaints nevertheless fail to state a claim on which relief may be granted, and therefore the complaints should be dismissed.

In response to the defendants' motion, plaintiffs have submitted a three-page memorandum of law indicating that their opposition to the motion is based on due process and the unauthorized seizure of property. Plaintiffs' Memorandum in Opposition ("Opp.Memo."), at 1. Plaintiffs claim that they have filed timely tax returns every year; the returns have never been challenged or audited; they themselves declared the tax due amounts, not the IRS; they have diligently sought a resolution through the IRS's procedures; and they were denied "Small Case Hearings." *Id.* Plaintiffs also claim that due to an error in the Nassau County District Court Clerk's Office, their complaint named the IRS instead of naming Alan Pratesi, apparently an IRS agent.[2] *Id.* at 2. Plaintiffs further indicate that they sought and were denied reconsideration through the IRS's Problem Resolution Office in Brooklyn. *Id.*

---

**2.** This argument, even if true, does not influence the Court's analysis. As the defendants point out, had plaintiffs in fact named Pratesi instead of the IRS in the second complaint, the United States would have been substituted as a party the same way that the United States was substituted for Engel. *See* 28 U.S.C. § 2679(d)(1). Moreover, even if plaintiffs had sought to name Pratesi instead of the IRS, the proper way to make this correction is a motion to amend the pleadings under Fed.R.Civ.P. 15(a).

Finally, the last page of plaintiffs' memorandum appears to argue that Pratesi and Engel violated §§ 6334(a)(10) and (b)(3) of the Code. *Id.* at 3. By citing to Section 6334(a)(10), plaintiffs appear to be making a claim that the IRS unlawfully seized "service-connected" disability payments. Plaintiffs also cite, without discussion, Sections 7432 and 7433 of the Code.[3] These sections are entitled "Civil damages for failure to release lien" and "Civil damages for certain unauthorized collection actions," respectively.

■ Defendants respond that there has been no denial of due process, and in fact, it is well-settled law that the tax levy procedure outlined in the Code does not violate due process. United States' Reply Brief ("U.S.Reply"), at 3. Defendants also deny that they ever were on notice that the funds seized were "service-connected" disability payments, and contend that even if they were, § 6334(a)(10) exempts from levy only amounts "payable"—not amounts that already have been paid. *Id.* Defendants further assert that plaintiffs' citation of § 6334(b), which refers to appraisals, has no relevance to this case. *Id.* Finally, defendants indicate that neither § 7432 nor § 7433 operate to provide plaintiffs with any relief, because the necessary elements of a cause of action under these sections are not pled. *Id.* at 4.

While the Court is aware that plaintiffs are proceeding *pro se* in this matter, and that these cases were originally brought in a state small claims forum, the Court agrees with the defendants' contention that the complaints must be dismissed. It is axiomatic that on a motion to dismiss, the Court must evaluate the sufficiency—not the merits—of a complaint. *See Chanayil,* 169 F.3d 168, 1999 WL 104578, at *3. However, even this minimum threshold has not been met here.

■ The Court has determined that the complaints are patently insufficient to state a claim of a violation of due process, or a violation of I.R.C. §§ 7432 and 7433. First, plaintiffs make no claim in their complaints that their due process rights were violated. This claim is made for the first time—in one conclusory sentence—in their memorandum of law in opposition to the defendants' motion. Even if the Court were to consider the due process claim as if it were pled in the complaint, it would still fail because there is no mention of how the defendants' tax-collecting procedure violated plaintiffs' constitutional rights. This bare allegation, without more, cannot survive the motion to dismiss. However, this dismissal will be without prejudice, to allow plaintiffs an opportunity to allege additional specific facts that may support the claim of a denial of due process.

■ The Court also holds that plaintiffs have failed to state a claim for a violation of §§ 7432 and 7433 of the Code. Section 7432 states, in relevant part, that "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States." I.R.C. § 7432. In similar fashion, section 7433 provides, in relevant part, that

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States.

I.R.C. § 7433. It is clear from the statutory language that these two sections authorize suit only against the United States—not against the Internal Revenue Service

---

**3.** Plaintiffs erroneously cite only § 7432, but provide the section titles of both § 7432 and § 7433.

or against individual IRS agents. *See Kersting v. United States,* 818 F.Supp. 297, 302 (D.Haw.1992) (holding that §§ 7432 and 7433 allow suit only against the United States).

■ An examination of the complaints indicate that plaintiffs have failed to allege a violation of either of these two sections. For example, there is no allegation that defendants acted knowingly, recklessly or negligently, nor that any agent or employee of the IRS disregarded a section of the Code or a regulation promulgated thereunder. In regard to § 7432, there is no allegation that defendants failed to release a lien, only an allegation that defendants seized property from plaintiffs' bank account. Thus, any claims purportedly brought under either of these two sections must be dismissed for failure to state a claim on which relief may be granted. Again, however, such dismissal will be without prejudice, such that plaintiffs may have the opportunity to correct these deficiencies.

■ The Court also holds that plaintiffs have failed to state a cause of action pursuant to I.R.C. § 6334(a)(10) and § 6334(a)(11). Section 6334 of the Code provides that certain property is exempt from levy under the IRS's collection procedures. Among other things, the statute exempts from levy property such as clothing and school books; fuel, furniture and personal effects; books and tools of a trade or profession; undelivered mail; and unemployment benefits. I.R.C. §§ 6334(a)(1–5). Relevant to this motion are the exemptions found in §§ 6334(a)(10) and 6334(a)(11).

Section 6334(a)(10) provides an exemption for "[a]ny amount payable to an individual as a service-connected ... disability benefit," subject to certain statutory limitations. Section 6334(a)(11) exempts from levy "[a]ny amount payable to an individual as a recipient of public assistance ... relating to supplemental security income for the aged, blind, and disabled ... or State or local government public assistance of public welfare programs for which eligibility is determined by a needs or income test." The key word in each of these exemptions is "payable."

"As in any case of statutory construction, [the] analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999) (citations omitted). Additionally, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). When the words of a statute are clear and unambiguous on their face, no further inquiry is necessary. *See, e.g., Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 185, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978).

The defendants argue that §§ 6334(a)(10) and (11) exempt from levy only amounts "payable," that is, amounts "not yet paid" to eligible disabled persons. Memorandum in Support of United States' Motion to Dismiss ("U.S.Memo."), at 3. In other words, defendants argue that Congress has distinguished between funds that are "payable" and funds that are "paid." *Id.* In support of this proposition, defendants cite to I.R.C. § 6334(a)(9), where Congress provides an exemption for amounts "payable to or received by" an individual. *Id.; see also* 26 I.R.C. §§ 6334(a)(4), 6334(a)(7), 6334(a)(10) (exempting amounts "payable" for unemployment benefits, workers compensation, and military disability, respectively).

■ The plain meaning of the word "payable" is an amount "[c]apable of being paid" or "suitable to be paid." Black's Law Dictionary 1128 (6th ed.1990). The term may also "signify an obligation to pay at a future time." *Id.* The Court holds, after an examination of the plain language of the statute, that §§ 6334(a)(10) and (11) exempt from levy only amounts that are

payable—that is, amounts that are not yet paid. In this case, the funds in plaintiffs' bank account, which were levied upon by the defendants, were no longer capable of being paid. The funds, by plaintiffs' own admission, were taken from their bank account—they were not garnished at the source. Thus, the very act of the levy—directly from the plaintiffs' account—signifies that the funds already had been paid, and therefore were no longer "payable." *See Fredyma v. United States of America, Dep't of the Treasury,* No. 96–477–SD, 1998 WL 77993, at *4 (D.N.H. Jan.9, 1998) (holding that under § 6334(a)(7), the plain meaning of the word "payable" does not include amounts already paid).

To that end, plaintiffs' claims that the levied funds were exempt from seizure must be dismissed. The seized funds were not exempt from levy under the plain language of the Code's exemption provisions in §§ 6334(a)(10) and (11).[4] Because these exemptions, as a matter of law, do not apply to the seizure of plaintiffs' funds, these claims will be dismissed with prejudice, the Court having determined that no relief is available under any set of facts that could be proved consistent with the allegations. *See H.J., Inc.,* 492 U.S. at 249–50, 109 S.Ct. 2893.[5]

Finally, defendants raise a meritorious argument that certain of these claims cannot be maintained on sovereign immunity grounds. U.S. Memo., at 5. In regard to the suit against the Internal Revenue Service, the defendants argue that Congress has not authorized suit against the agency in its own name. *Id.* In regard to the suit against the United States, defendants assert that plaintiffs have failed to allege any basis for a waiver of sovereign immunity. *Id.*

■ "Absent a waiver, sovereign immunity shields the Federal Government

and its agencies from suit." *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citing *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) and *Federal Hous. Admin. v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 84 L.Ed. 724 (1940)). As a sovereign, the United States may not be sued without its consent. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). A waiver of sovereign immunity cannot be implied, but must be expressed explicitly by Congress. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992).

Here, plaintiffs have failed to set forth any basis for a waiver of sovereign immunity. Regardless of whether any basis for waiver exists, the absence of any allegation of waiver in the complaints mandates dismissal of these actions. However, plaintiffs will be granted leave to replead in order to assert a waiver of sovereign immunity, if appropriate.

### CONCLUSION

The defendants' motion to dismiss the complaints in 98–CV–4079 and 98–CV–4081 is GRANTED. Plaintiffs' claim of a violation of due process, along with the claims of violation of I.R.C. §§ 7432 and 7433, are DISMISSED without prejudice to replead. Plaintiffs' claims of a violation of I.R.C. §§ 6334(a)(10), 6334(a)(11), and 6334(b)(3) are DISMISSED with prejudice.

Plaintiffs shall have forty-five days from their receipt of this Memorandum and Order to file and serve an amended complaint which cures the defects noted herein. Failure to make such an amendment within the time frame allotted will result in the dismissal of this case.

SO ORDERED.

---

**4.** Additionally, the Court holds that the failure to allege in the complaint that the funds seized were "service-connected" mandates the dismissal of plaintiffs' claim under § 6334(a)(10).

**5.** The Court also dismisses, with prejudice, plaintiffs' claim pursuant to I.R.C. § 6334(b)(3), which deals with appraisals, and has no relevance to the claims herein.

## MEMORANDUM & ORDER DISMISSING ACTION

On April 22, 1999, this Court granted defendants' motion to dismiss the complaints referenced above. The Court dismissed, without prejudice, plaintiffs' claim of a violation of due process, along with the claims of violation of I.R.C. §§ 7432 and 7433.[1] The Court granted plaintiffs forty-five days to file and serve amended complaints in order to cure the defects noted in the April 22 Memorandum and Order. The Court warned plaintiffs that their failure to amend the complaints within the time frame allotted would result in dismissal of both cases.

Plaintiffs' time within which to file and serve amended complaints has now passed. Accordingly, pursuant to Fed.R.Civ.P. 41(b), these cases are dismissed with prejudice for failure to prosecute. The Clerk of the Court is directed to close both 98–CV–4079 and 98–CV–4081.

SO ORDERED.

---

1. In the same Memorandum and Order, the Court also dismissed, with prejudice, plaintiffs' claims of a violation of I.R.C. §§ 6334(a)(10), 6334(a)(11), and 6334(b)(3).