# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2022

Lyle W. Cayce
Clerk

No. 21-50288

United States of America,

*Plaintiff—Appellee*,

*versus*

Jill Ann Charpia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-704-1

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Per Curiam:*

After Jill Ann Charpia pled guilty to defrauding the Government, the district court sentenced her to a 30-month term of imprisonment and ordered her to pay restitution. It subsequently issued an order of garnishment to enforce the restitution award. Charpia now appeals the order of garnishment,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50288

claiming statutory exemptions for certain funds in her bank account. For the following reasons, we affirm in part and reverse in part.

## I. FACTUAL & PROCEDURAL BACKGROUND

In 2012, pursuant to a written plea agreement with the Government, Charpia, former federal prisoner # 02076-380, pled guilty to an information charging her with making false statements in documents seeking funds from the United States Department of Defense ("DOD"), in violation of 18 U.S.C. § 1001(a)(1)-(3). She was sentenced to 30 months of imprisonment and, pursuant to 18 U.S.C. § 3663A of the Mandatory Victims Restitution Act ("MVRA"), was ordered to pay $920,000 to a unit of the DOD.

In 2019, the Government filed an application for writ of garnishment related to the restitution order, seeking funds deposited at Key Bank N.A., and the district court issued the requested writ. In its answer, Key Bank identified an account belonging to Charpia that had a balance of $65,245. Charpia filed a pro se response requesting a hearing and claiming two exemptions on grounds that the funds pertained to military service-connected disability payments. The Government argued that the $65,245 was the remainder of a lump sum payment of over $100,000 in veteran's service-connected disability benefits as specified in 26 U.S.C. § 6334(a)(10) and thus, not exempt under the statute.

The magistrate judge ("MJ") scheduled a hearing and Charpia retained counsel, filed a reply, and moved to quash the writ of garnishment. Citing the language of § 6334(a)(10), Charpia reiterated that the funds were exempt from garnishment because they had been awarded to her based on a disability she had sustained during her military service. She testified that she was initially denied receipt of periodic disability payments dating back to a claim in 2006, but after a series of appeals, she was ultimately awarded $1,800 per month in disability payments. Consequently, she received a lump sum

No. 21-50288

back-payment of $65,245 representing her previously withheld periodic payments.

The Government argued that relevant caselaw and canons of statutory interpretation demonstrated that the funds were subject to garnishment because they had already been disbursed and, therefore, were no longer "payable," as required to claim the relevant exemption. The parties also disagreed as to whether the amount of funds that could be garnished was capped by the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673(a)(1), and therefore partially exempt from garnishment, if a full exemption could not be claimed under 26 U.S.C. § 6334(a)(10).

Following review of the pleadings, receipt of the parties' joint stipulations, and a hearing on the pleadings, the MJ issued a report recommending that the motion to quash the writ of garnishment be denied because the Government's interpretation of § 6334(a)(10) was correct. The MJ also agreed with the Government that the CCPA, 15 U.S.C. § 1673(a)(1), did not limit the amount of funds that could be garnished.

The district court conducted a de novo review, overruled Charpia's objections to the MJ's report, accepted the report, denied the motion to quash the writ of garnishment, and allowed the Government to "proceed accordingly."[1] The Government then moved for a Final Order of Garnishment and the district court granted the motion. In April 2021, the garnished funds were transferred to the district court's registry.

---

[1] Charpia's premature appeal from the district court's order denying her motion to quash was dismissed for lack of jurisdiction. *United States v. Charpia*, 832 F. App'x 344, 344 (5th Cir. 2020).

No. 21-50288

## II. STANDARD OF REVIEW

We review orders of garnishment for abuse of discretion. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010). Questions of law, including statutory interpretations, are reviewed de novo. *Id.*

## III. DISCUSSION

On appeal, Charpia argues that the district court and the Government misconstrued the statute because they focused on whether the funds were payable or already paid. She continues that 26 U.S.C. § 6334(a)(10) should be construed as exempting her lump sum veteran's service-connected disability payment from garnishment. Alternatively, she argues that if the funds are not fully exempt from garnishment, the Government should have only garnished 25% of the lump sum payment under the CCPA. *See* 15 U.S.C. § 1673(a)(1). We address each argument in turn.

*A. Exemption Under 26 U.S.C. § 6334(a)(10)*

"When interpreting statutes, we begin with the plain language used by the drafters." *United States v. Uvalle-Patricio*, 478 F.3d 699, 703 (5th Cir. 2007). "Unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.*, 806 F.3d 310, 316–17 (5th Cir. 2015). "[E]ach part or section of a statute should be construed in connection with every other part or section to produce a harmonious whole." *Uvalle-Patricio*, 478 F.3d at 703. When the words of a statute are clear and unambiguous on their face, no further inquiry is necessary. *See Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 184 n.29 (1978).

Section 6334(a) enumerates several types of property and income that are exempt from garnishment, and the MVRA has incorporated that provision with respect to restitution awards in favor of the United States. *See*

4

No. 21-50288

18 U.S.C. § 3613(a)(1), (c); 26 U.S.C. § 6334(a). Section 6334(a) provides that the following types of income are exempt: "any amount payable to an individual" (1) with respect to his unemployment, (2) as worker's compensation, and (3) certain service-connected disability payments.[2] 26 U.S.C. § 6334(a)(4), (7), (10).

Here, the relevant statutory language is "any amount payable to an individual." There is little precedential authority from this circuit construing § 6334(a)(10) or an analogous statutory provision. As the MJ observed, however, *Hughes v. IRS*, 62 F. Supp. 2d 796 (E.D.N.Y. 1999), is instructive. There, the plaintiffs claimed inter alia that the IRS unlawfully seized their service-connected disability payments. *Id.* at 799. The IRS countered that under § 6334(a)(10), only amounts "payable" to eligible disabled persons were exempt from levy under the statute. *Id.* at 800. In other words, it explained, based on the plain language of the statute, Congress had intentionally distinguished between funds that are "payable" and funds that are "paid." *Id.* The district court agreed with the IRS and dismissed the plaintiffs' claims. *Id.* at 801. In doing so, it explained:

> The plain meaning of the word "payable" is an amount "[c]apable of being paid" or "suitable to be paid." Black's Law Dictionary 1128 (6th ed. 1990). The term may also "signify an obligation to pay at a future time." *Id.* The [c]ourt holds, after an examination of the plain language of the statute, that §§ 6334(a)(10) and (11) exempt from levy only amounts that are payable—that is, amounts that are not yet paid. In this case, the funds in plaintiffs' bank account, which were levied upon by the defendants, were no longer

---

[2] It is undisputed that Charpia's service-connected disability payments fall under this section of the statute.

5

No. 21-50288

> capable of being paid. The funds, by plaintiffs' own admission, were taken from their bank account—they were not garnished at the source. Thus, the very act of the levy—directly from the plaintiffs' account—signifies that the funds already had been paid, and therefore were no longer "payable."

*Id*. at 800–01.

Here, the MJ determined that this reasoning was persuasive under an ordinary-meaning interpretation of the statute. Additionally, he observed that a reading of the statute as a whole supported this definition of "payable" because other parts of the statute exempted from levy amounts "payable to or received by" an individual. *See* 26 U.S.C. § 6334(a)(9), (d)(1), (d)(3). Thus, if Congress had intended to exempt from garnishment the service-connected disability benefits in § 6334(a)(10) that had already been paid, as opposed to just those that are "payable," it would have used the same "payable to or received by" language that it used in other parts of the statute.

The MJ's analysis of the statutory text is both reasonable and supported by caselaw. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."); *see also Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986) ("The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." (internal quotation marks and citation omitted)). Moreover, this court has drawn the same conclusion when confronted with identical text in this statute. *See Cathey v. IRS*, No. 98-21035, 1999 WL 1093370, at *1 (5th Cir. Oct. 27, 1999) (per curiam) (unpublished) (rejecting plaintiff's claim that the IRS wrongfully levied her social security benefits on grounds that "§ 6334(a)(7) does not prohibit a levy of funds already paid—as opposed to payable—as workers compensation"). In light

6

of the foregoing, we hold that the district court did not err in its determination that the service-connected disability benefits that had been deposited into Charpia's bank account were not exempt from garnishment.[3]

### B. Partial Exemption Under 15 U.S.C. § 1673(a)(1)

Charpia's alternative argument is that, if this court holds that her service-connected disability benefits are not fully exempt under the statute, we should hold that the Government was entitled to garnish only 25% of her lump sum payment under the CCPA, 15 U.S.C. § 1673(a)(1). This court has already acknowledged that the CCPA's 25% cap on garnishment is limited to disposable earnings in the form of period payments. *See United Sates v. DeCay*, 620 F.3d 534, 543 (5th Cir. 2010) ("The Supreme Court has cautioned that the terms 'earnings' and 'disposable earnings' under the CCPA are 'limited to "periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation."'"); *see also United States v. Lockhart*, 584 F. App'x 268, 270

---

[3] Charpia argues extensively that the Supreme Court's opinions in *Lagos v. United States*, 138 S. Ct. 1684 (2018) and *Porter v. Aetna Cas. & Sur. Co.*, 370 U.S. 159 (1962) compel a different result. This is not so. In *Lagos*, the Court was examining completely different statutory text in the context of the calculation of restitution—not the enforcement of a restitution award as in Charpia's case. 138 S. Ct. at 1687. Accordingly, *Lagos* is inapplicable here. Likewise, in *Porter*, a private creditor attempted to satisfy the debt it was owed by attaching to its judgment the veteran debtors' bank accounts that contained funds comprised of disability benefits. 370 U.S. at 160. The Court agreed with the district court's judgment that the funds were exempt under the statute. *Id.* Charpia submits that the Court's reasoning in *Porter* and the text of 38 U.S.C. § 5301, which prohibits levies on veterans' benefits payments "before or after receipt by the beneficiary," are applicable to her case. Again, we are unpersuaded. Section 5301(a)(1) specifically exempts the United States from claims under that section and the United States is a creditor here, unlike in *Porter*. Additionally, § 5301(d) excludes claims under 26 U.S.C. § 6331 *et seq.* Consequently, *Porter* does not support Charpia's arguments. Furthermore, as the MJ observed, "[i]f anything, § 5301(a)(1)'s language strengthens the Government's argument, as it shows that Congress knows how to daft language to protect veterans' benefits 'before or after receipt by the beneficiary'—something it chose not to do in § 6334(a)(10)[.]"

No. 21-50288

(5th Cir. 2014) (same). However, the only reason that Charpia did not receive her disability payments periodically is because the Government initially denied them to her. After a series of appeals though, Charpia was ultimately awarded $1,800 per month in disability payments, and she received a lump-sum payment to make up for payments that otherwise would have been paid periodically. For these reasons, we hold that the partial exemption under 15 U.S.C. § 1673(a)(1) applies here and the Government was only entitled to garnish 25% of the funds in Charpia's bank account. We reverse the portion of the district court's order stating otherwise.

## IV. CONCLUSION

For the aforementioned reasons, the district court's Final Order of Garnishment is AFFIRMED in PART and REVERSED in PART.