# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2025

Lyle W. Cayce
Clerk

No. 24-30685

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Gabriel Allen-Shinn,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-112-1

_____

Before Haynes, Ho, and Oldham, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Christopher Allen-Shinn owes restitution from a criminal conviction. To ensure payment, the government garnished his service-connected disability payments. Allen-Shinn contends that these payments are exempt from garnishment under 26 U.S.C. § 6334(a)(10). But that statute only exempts those service-connected disability payments that are "payable" in the future—not those that have already been paid. So we agree with the Government—and with the consensus of federal courts across the country—that the funds are not exempt, and accordingly affirm.

No. 24-30685

## I.

Allen-Shinn pleaded guilty to receiving child pornography pursuant to 18 U.S.C. § 2252(a)(2). He was sentenced to 210 months imprisonment and ordered to pay $92,500 in restitution under the Mandatory Victims Restitution Act (MVRA). *See* 18 U.S.C. § 3663A(a)(1).

The government sought a writ of continuing garnishment pursuant to the restitution order, targeting funds held at USAA Federal Savings Bank.

Allen-Shinn filed a *pro se* motion arguing that the funds held at USAA were service-connected disability payments and are therefore exempt from levy under 26 U.S.C. § 6334(a)(10).

The district court denied the motion and granted the proposed writ. USAA withdrew $46,084.49 from Allen-Shinn's bank account soon after. This appeal follows.

## II.

Allen-Shinn argues that these funds are exempt from levy because they are service-connected disability payments. We review orders of garnishment for abuse of discretion and review questions of statutory interpretation de novo. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010).

"The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002) (citing 18 U.S.C. § 3664(m)(1)(A)(i)–(ii)).

So the government may garnish "all property or rights to property" except "property exempt from levy for taxes" under 26 U.S.C. § 6334(a). 18 U.S.C. § 3613(a)–(a)(1).

No. 24-30685

In this case, Allen-Shinn invokes a statutory exemption for "[a]ny amount payable to an individual as a service-connected . . . disability benefit." 26 U.S.C. § 6334(a)(10).

In response, the government acknowledges that the funds originated from a service-connected disability benefit. But the government contends that funds received *before* the writ of garnishment is issued are not exempt, because "amount payable" means an amount to be paid in the future—not an amount already received in the past.

The government's view on this question has consistently prevailed in federal courts across the country. Today's decision will be no exception.

We begin with *Hughes v. IRS*, 62 F. Supp. 2d 796 (E.D.N.Y. 1999). The plaintiffs there claimed that the IRS unlawfully seized their service-connected disability payments. *Id.* at 799. But the district court rejected the argument, concluding that the plain language of the statute distinguishes funds that were already paid or received from those that were payable in the future. *Id.* at 800. In doing so, the court relied on various dictionary definitions indicating that "payable" means "[c]apable of being paid," "suitable to be paid," or due to be paid "at a future time." *Id.* The court ultimately held that already-paid funds are not exempt. *Id.* at 801.

This interpretation has been universally embraced by federal district courts nationwide. *See, e.g.*, *Cathey v. United States*, 35 F. Supp. 2d 518, 519–21 (S.D. Tex. 1998); *United States v. Coker*, 9 F. Supp. 3d 1300, 1302 (S.D. Ala. 2014); *Maehr v. Koskinen*, 2018 WL 1406877, *2–3 (D. Colo. March 21, 2018); *United States v. Place*, 2018 WL 3354971, *2 (W.D. La. June 18, 2018); *United States v. Jelen*, 2023 WL 27343, *6 (M.D. Pa. Jan. 3, 2023); *United States v. Carr*, 2023 WL 4112228, *3 (S.D. W. Va. June 21, 2023).

It's also been accepted without exception by multiple federal courts of appeals, including ours, albeit in unpublished opinions. *See Calhoun v.*

*United States*, 61 F.3d 918 (Fed. Cir. 1995) (unpublished table decision); *United States v. Poff*, 727 F. Appx. 249, 251–52 (9th Cir. 2018), *rev'd on other grounds*, *Poff v. United States*, 586 U.S. 1063, 1063 (2019); *United States v. Charpia*, 2022 WL 1831141, *3 (5th Cir. Jun. 3, 2022).

We see no reason to question the consensus view of the federal courts. Because Allen-Shinn received the $46,084 before the writ was filed, it is not an "amount payable," and thus not exempt under § 6334(a)(10).

For his part, Allen-Shinn argues that his funds are exempt because he received them before the writ was filed, but after his arrest. But he cites no authority to support this proposition—and we find nothing in the relevant statutory text to support it, either.

Accordingly, we affirm.