**Klaus RENNER, Plaintiff–Appellant,**

v.

**CHASE MANHATTAN BANK, N.A., Michelino Morelli, Townsend Financial Services Corp., Townsend Investment Fund, LLC, Gerald Townsend and Rabon Wolfred, Defendants–Appellees.**

No. 03–7319.

United States Court of Appeals, Second Circuit.

Jan. 7, 2004.

Jack Meyerson, Philadelphia, PA, for Plaintiff–Appellant.

Andrew R. Kosloff, New York, NY, for Defendant–Appellee J.P. Morgan Chase Bank (formerly known as The Chase Manhattan Bank N.A.).

David Lenefsky, New York, NY, for Defendant–Appellee Michelino Morelli.

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

Present: FEINBERG, WESLEY, Circuit Judges, and PAULEY, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context and the specification of appellate issues. We agree with, and affirm, the district court's thoughtful and thorough analysis finding that plaintiff (1) failed to allege facts sufficient to state a cause of action against appellees Michelino Morelli ("Morelli") and The Chase Manhattan Bank, N.A. ("Chase") for aiding and abetting common law fraud and (2) failed to allege facts sufficient to state a cause of action against appellee Chase for commercial bad faith. *See Renner v. Chase Manhattan Bank,* 2000 WL 781081 (S.D.N.Y. 2000).

Appellant alleges that Chase, through its branch manager Morelli, aided and abetted in the commission of a common law fraud by Townsend, Wolford and other unnamed defendants. Where, as here, a plaintiff has alleged fraud, he must comply with the requirements of Fed.R.Civ.P. 9(b), which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." To comply with the particularity requirements of Rule 9(b), a party must (1) specify the alleged fraudulent statements; (2) identify the speaker; (3) state where, when and to whom the statements were made; and (4) explain why the statements were fraudulent. *Mills v. Polar Molecular Corp.,* 12 F.3d

784

1170, 1175 (2d Cir.1993). Moreover, while scienter may be averred generally, it is nonetheless incumbent upon a plaintiff to allege facts that give rise to a strong inference of fraudulent intent. *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994).

To plead a claim for fraud in New York, plaintiff must establish by clear and convincing evidence, "a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." *Chanayil v. Gulati,* 169 F.3d 168, 171 (2d Cir.1999). To plead an aiding and abetting claim under New York law, the plaintiff must establish the existence of a violation by the primary wrongdoer, knowledge of this violation by the aider and abettor and proof that the aider and abettor substantially assisted in the primary wrong. *Armstrong v. McAlpin,* 699 F.2d 79, 91 (2d Cir.1983). As to the knowledge requirement, New York courts require that the alleged abettor have *actual* knowledge of the primary wrong. *See, e.g., Wight v. Bankamerica Corp.,* 219 F.3d 79, 91 (2d Cir.2000) (emphasis added).

■ Under these standards, the district court's dismissal of the aiding and abetting fraud claims was proper. Plaintiff's amended complaint failed to sufficiently plead that either Morelli or Chase, as aiders and abettors, had actual knowledge of the primary wrongdoer's fraud and substantially assisted in the primary wrongdoing.

■ The district court also correctly dismissed plaintiff's commercial bad faith claim against Chase as plaintiff failed to establish that Chase had actual knowledge of, or participated in, the fraud. A claim for commercial bad faith lies "[w]here a depository bank acts dishonestly—where it has *actual* knowledge of facts and circumstances that amount to bad ˮfaith, thus itself becoming a participant in a fraudu-

lent scheme...." *Prudential–Bache Securities, Inc. v. Citibank, N.A.,* 73 N.Y.2d 263, 275, 539 N.Y.S.2d 699, 536 N.E.2d 1118 (1989) (emphasis added). New York courts have also required that a member of the bank be an active participant in the fraud to establish commercial bad faith. *See id.* Because we agree with the district court that plaintiff failed to allege that either Chase or Morelli had actual knowledge of the fraudulent scheme and that Morelli's alleged participation in the fraud was not sufficiently pleaded, it follows that the commercial bad faith claim was also properly dismissed.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.