09-0109-cv
*Robert L. Pavone & Valerie V. Pavone v. Linda Puglisi et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this Court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand nine.

PRESENT:

> WILFRED FEINBERG,
> DEBRA ANN LIVINGSTON,
> > Circuit Judges.
> JOHN G. KOELTL,
> > District Judge.*

---

ROBERT L. PAVONE,
> *Plaintiff-Counter-Defendant-Counter-Claimant-Appellant,*

VALERIE V. PAVONE,
> *Plaintiff-Appellant,*

-v.-                                        No. 09-0109-cv

LINDA PUGLISI, individually, ANN LINDAU, individually, FRANCIS X. FARRELL, individually, JOHN SLOAN, individually and THOMAS WOOD, individually,
> *Defendants-Counter-Defendants-Appellees,*

TOWN OF CORTLANDT,
> *Defendant-Counter-Claimant-Counter-Defendant-Appellee.*

---

Drita Nicaj (Jonathan Lovett and Kim Berg, *on the brief*), Lovett & Gould, LLP, White Plains, NY, *for Plaintiffs-Appellants.*

Paul E. Svensson, Law Offices of Edmund V. Caplicki, Jr., *for Individual Defendants-Appellees.*

Hodges Walsh & Slater LLP, *for Defendant-Appellee Town of Cortlandt.*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED in part and VACATED and REMANDED in part.

Plaintiff-Counter-Defendant-Counter-Claimant-Appellant Robert L. Pavone and Plaintiff-Appellant Valerie V. Pavone ("Plaintiffs") appeal from the December 4, 2008, grant of summary judgment by the United States District Court for the Southern District of New York (Seibel, *J.*) on the basis of qualified immunity in favor of Defendants-Counter-Defendants-Appellees Linda Puglisi, Ann Lindau, Francis X. Farrell, John Sloan, and Thomas Wood in their individual capacities ("Defendants") with respect to Plaintiffs' claims under 42 U.S.C. § 1983, and the judgment of the same court entered December 23, 2008, dismissing the complaint against Defendant-Counter-Claimant-Counter-Defendant-Appellee Town of Cortlandt ("Town"). On appeal, Plaintiffs argue that the district court erred in its determination that Plaintiffs failed to state valid constitutional claims under the First Amendment, in its failure to analyze Plaintiffs' intimate association claim and chilling claim, in its finding of qualified immunity for Defendants with respect to Plaintiffs' due process claim, and in its dismissal of the complaint without addressing Plaintiffs' state law claims.[1]

---

[1] Plaintiffs do not address their equal protection claim or their claim that Defendants refused to provide data to the New York State Retirement System in a retaliatory manner in their briefing. We therefore deem these claims to be waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review the grant of summary judgment on appeal *de novo*. *Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir. 2000). Summary judgment is appropriate when, after all evidence is construed in the light most favorable to the non-moving party, there is no genuine issue of material fact. *June v. Town of Westfield, New York*, 370 F.3d 255, 257 (2d Cir. 2004). We also review the decisions of the district court with respect to qualified immunity *de novo*. *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006). The appropriate inquiry is an objective one: whether a reasonable official could have believed that his actions were lawful in light of clearly established law and the information he possessed. *Kelsey v. County of Schoharie*, 567 F.3d 54, 61 (2d Cir. 2009). Summary judgment may be granted on the "basis of a qualified immunity defense premised on an assertion of objective reasonableness [if] the defendant 'show[s] that no reasonable jury, viewing the evidence in the light most favorable to the [p]laintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law.'" *O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) (second alteration in original) (quoting *Ford v. Moore*, 237 F.3d 156, 162 (2d Cir. 2001)). When specific intent is an element of the plaintiff's claim, it is never objectively reasonable for a government official to act with the prohibited intent. *Reuland v. Hynes*, 460 F.3d 409, 419 (2d Cir. 2006).

We first address the First Amendment retaliation claim. Judge Brieant's May 16, 2008 scheduling order required Defendants to make a motion to dismiss on the basis of qualified immunity after deposing Plaintiffs and before any further discovery took place. The Plaintiffs allege that the Defendants acted with the improper intent to retaliate against Mr. Pavone for Mrs. Pavone's protected speech – an allegation that, if true, would preclude a finding of objective reasonableness.

*Locurto v. Safir*, 264 F.3d 154, 169 (2d Cir. 2001). Because Plaintiffs had been afforded no discovery of the Defendants, the district court assessed this claim taking as true the allegations in the First Amended Complaint.

In order to allege a *prima facie* case of First Amendment retaliation, a plaintiff must adequately aver that his speech was constitutionally protected, that he suffered an adverse action, and that a causal connection existed between his speech and the adverse action. *See Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999). We agree with the district court that Plaintiffs failed to allege properly such a case. Although a causal connection between an adverse action and protected speech may be indirectly established by showing that protected activity was followed closely in time by the adverse action, *Gorman-Bakos v. Cornell Co-op Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001), a plaintiff must still allege that defendants were aware of the protected activity, *see Espinal v. Goord*, 558 F.3d 119, 129-30 (2d Cir. 2009). Even were we to calculate the time period in this case in the most favorable manner to Plaintiffs, reducing it to three months – a time short enough to infer causality in some cases, *see, e.g.*, *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980) – Plaintiffs have not met this standard. Without further allegations regarding the nature and timing of Mrs. Pavone's speech, the Town's awareness of the speech, or other facts sufficient to support an inference that protected conduct played a role in the alleged adverse actions taken against Mr. Pavone, Plaintiffs have not sufficiently pleaded a claim of retaliation.

Plaintiffs argue that the district court failed to address Mr. Pavone's intimate association claim and Mrs. Pavone's chilling claim and should be reversed for further consideration of those claims. We disagree. Both intimate association and chilling claims also require a plaintiff to allege causation between the speech act and the adverse action taken by a defendant. *See Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *Adler v. Pataki*, 185 F.3d 35, 44 (2d Cir. 1999). Because

4

the district court correctly found that Plaintiffs had not adequately alleged such causation, as discussed above, it properly dismissed the intimate association and chilling claims.

Nevertheless, we vacate and remand to the district court on the First Amendment retaliation, intimate association, and chilling claims because the district court failed to allow Plaintiffs leave to replead their claims. Although Defendants moved for summary judgment on the basis of qualified immunity, the limitations imposed by Judge Brieant's scheduling order led the district court to analyze the issue of Defendants' intent under the standard of a motion to dismiss, considering only the allegations in the First Amended Complaint. "It is the usual practice upon granting a motion to dismiss to allow leave to replead. Although leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (internal citations omitted). Therefore, we remand with instructions to dismiss the First Amendment claims without prejudice and permit Plaintiffs an opportunity to replead these claims.

With regard to Plaintiffs' due process claim, we conclude that the district court properly held that Defendants' behavior in terminating Mr. Pavone's 207-c benefits without a pre-deprivation hearing was objectively reasonable. As the district court correctly found, the language of the 207-c Stipulation clearly provides that the Town was permitted to discontinue Mr. Pavone's 207-c benefits without an administrative hearing. The advice of counsel that the Town had a "solid argument that the Stipulation [would not be] violated" if benefits were terminated provides further reasonable justification for Defendants' belief that no hearing was required.

Finally, we find that the district court erred in dismissing Plaintiffs' state law claims with prejudice. The district court, in granting the oral motion of the Town to dismiss, provided that Plaintiffs' claims could be reinstated if this Court were to reverse the qualified immunity rulings.

5

It did not, however, either rule on the merits of the state law claims or decline to exercise supplemental jurisdiction over them. On remand, the district court should decide any motions directed to the state law claims. We express no opinion on the issue of whether the district court should exercise supplemental jurisdiction because that, in turn, involves the question of whether any federal claims remain. We do note that if state claims are dismissed because the district court does not exercise supplemental jurisdiction, such claims should be dismissed without prejudice. *See Chanayil v. Gulati*, 169 F.3d 168, 171-72 (2d Cir. 1999).

All arguments not otherwise discussed in this summary order are found to be moot or without merit.

For the foregoing reasons, the judgment of the district court is hereby vacated and remanded with respect to the First Amendment claims and the state law claims. In all other respects the judgment is affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

6