**Adeline Rudel CATHEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. Civ.A. H–97–2287.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 5, 1998.

Glendon Bryan Adams, Attorney at Law, Stafford, TX, for Adeline Rudel Cathey, plaintiff.

Travis Brent Hull, U.S. Attorneys Office, Dallas, TX, for U.S. Internal Revenue Service, defendant.

## *MEMORANDUM OPINION AND ORDER*

LAKE, District Judge.

At issue is whether worker's compensation benefits remain exempt from levy by the IRS once they have been paid to a delinquent taxpayer. Pending before the court is Plaintiff's Motion for Summary Judgment (Docket Entry No. 20). While the United States did not file an instrument styled as a motion for summary judgment, it did pray for summary judgment in its favor in the conclusion of its reply brief. (United States of America's Reply to Plaintiff's Motion for Summary Judgment at 8) Therefore, the court will construe

the United States' reply (Docket Entry No. 21) as a motion for summary judgment.

## I. BACKGROUND

The parties do not dispute the relevant facts. Plaintiff Adeline Rudel Cathey and her former husband, James Morris Rudel, owned the Wallis Gifts and Flower Shop. On March 7, 1990, Mr. Rudel was murdered while at work. As his widow, plaintiff began receiving $172 .58 per week in worker's compensation benefits. On November 11, 1994, plaintiff married her current husband, James Cathey. As a result, her worker's compensation provider suspended the weekly payments and paid her a final lump sum of $17,110.07, which plaintiff deposited into a bank account.

Sometime in October or November of 1994 the IRS filed notices of tax liens against the Wallis Gifts and Flower Shop. In January of 1995 the IRS seized by levy $10,000 held in the plaintiff's bank account. The parties agree that this money is a portion of the lump-sum worker's compensation benefits previously paid to plaintiff. Plaintiff sought a refund from the IRS, which denied her request by letter in January of 1997.

On July 8, 1997, plaintiff filed suit in this court to recover the $10,000. On October 14, 1997, she filed her First Amended Original Complaint. Plaintiff asserts that the levy upon her bank account violated I.R.C. § 6334(a)(7). On June 5, 1998, plaintiff filed a motion for summary judgment, alleging that there are no issues of material fact and that she is entitled to judgment as a matter of law by virtue of § 6334(a)(7). The government replied, agreeing that there are no fact issues, but arguing that it is entitled to judgment as a matter of law because § 6334(a)(7) does not exempt from levy worker's compensation benefits once they are paid to the beneficiary.

## II. DISCUSSION

■ Plaintiff does not deny that she owes taxes to the United States. Section 6321 of the Internal Revenue Code automatically imposes "a lien in favor of the United States upon all property and rights to property, whether real or personal" belonging to any person who fails to pay their taxes. The lien arises at the time of assessment of the tax and remains in place until the tax liability is satisfied, is extinguished by judgment, or becomes unenforceable by lapse of time. *See* I.R.C. § 6322. The lien reaches every property interest of the deficient taxpayer. *See United States v. National Bank of Commerce*, 472 U.S. 713, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985).

■ A tax lien is not self-executing, however; the IRS must take affirmative action to collect unpaid taxes. *See id.* One method of collecting unpaid taxes is an administrative levy. Section 6331(a)–(b) provides in relevant part:

(a) **Authority of Secretary**

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax....

(b) **Seizure and sale of property**

The term "levy" as used in this title includes the power of distraint and seizure by any means.... All property is subject to levy unless specifically exempted by I.R.C. § 6334(a). *See* I.R.C. § 6334(c). "A bank account is a species of property 'subject to levy.'" *National Bank of Commerce*, 105 S.Ct. at 2925. Thus, unless the $10,000 seized from plaintiff's funds falls under a specific exemption, the levy was proper, and plaintiff cannot recover her money.

■ Plaintiff contends that because the seized funds were worker's compensation benefits, they are exempt from levy under § 6334(a)(7). This provision exempts "[a]ny amount *payable* to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the

United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico." (emphasis added) Plaintiff argues that because the funds seized "were worker's compensation benefits belonging to the Plaintiff," she is entitled to judgment as a matter of law on this claim. (Plaintiff's Motion for Summary Judgment ¶ 2) The IRS argues, however, that § 6334(a)(7) only exempts worker's compensation benefits *payable* to the plaintiff, not benefits already *paid.* The issue is thus whether § 6334(a)(7) exempts benefits already paid to a delinquent taxpayer, or just benefits payable to the taxpayer.

Only one published opinion has addressed this issue.[1] In *Fredyma v. United States of America,* 98–1 U.S.T.C. (CCH) ¶ 50,166 at 83,229–30, 1998 WL 77993 (D.N.H.1998), the court held that § 6334(a)(7) does not protect worker's compensation benefits once they are paid to the taxpayer. The plaintiff in *Fredyma* had received over $99,000 in worker's compensation benefits; he deposited $96,000 in a joint account he held with his mother. After receiving a notice of levy, the plaintiff's bank turned over $9,338 from the joint account to the IRS. The plaintiff eventually sued to recover the levied funds, arguing that because they were worker's compensation benefits, they were exempt from levy. *See id.* at 83,228–29.

The court rejected the plaintiff's argument that § 6334(a)(7) applied to funds that already have been paid. According to the court, the word "payable" has a plain meaning, namely, "an amount to be paid or capable of being paid." *Id.* at 83,229. Given this meaning, the court concluded that Congress intended to exclude from the narrow exemption from levy found in § 6334(a)(7) funds already paid. *See id.* at 83,230.

English dictionaries agree on the meaning of payable, defining it to mean *inter alia* "[t]hat may, can, or should be paid,"[2] "due,"[3] or "capable of being paid."[4] *Black's Law Dictionary* provides the following definition of payable:

Capable of being paid; suitable to be paid; admitting or demanding payment; justly due; legally enforceable. A sum of money is said to be payable when a person is under an obligation to pay it. Payable may therefore signify an obligation to pay at a future time, but, when used without qualification, the term normally means that the debt is payable at once, as opposed to "owing."

*Black's Law Dictionary* 1128 (6th ed.1990). Similarly, Ballentine defines payable as:

Due or to be paid.... To be paid, rather than "may be paid." ... A word which in itself leaves no option or privilege as to time or manner of payment.... Likely or able to yield a profit; profitable; as, payable wash dirt; a payable commercial undertaking.

*Ballentine's Law Dictionary* 925 (William S. Anderson ed., 3d ed.1969) (citations omitted). The court is not aware of any dictionary that defines payable to include funds already paid.

The IRS argues that had Congress intended to exempt worker's compensation benefits that have been paid, it would have worded the exemption to include such payments. The court agrees. For example, § 6334(a)(9) exempts "[a]ny amount *payable to or received by* an individual as wages or salary for personal services" that does not exceed particular statutory maxima. (emphasis added) Congress could have explicitly exempted from levy worker's compensation benefits paid to or received by a delinquent taxpayer. It did not do so, however.

---

**1.** The Fifth Circuit has explicitly declined to define the extent of the worker's compensation exemption. *See In re Sills,* 82 F.3d 111, 113 (5th Cir.1996).

**2.** *Webster's New International Dictionary* 1797 (2d ed. unabridged 1958); *accord Merriam–Webster's Collegiate Dictionary* 854 (10th ed.1996); *Webster's New Collegiate Dictionary* 618 (1958).

**3.** *Webster's II New Riverside University Dictionary* 863 (Riverside Publishing Co.1984); *American Heritage Dictionary* 912 (2d College ed.1982);

*Random House College Dictionary* 976 (Rev. ed.1980); *Webster's New International Dictionary* 1797 (2d ed. unabridged 1958); *Webster's New Collegiate Dictionary* 618 (1958).

**4.** *Webster's Third New International Dictionary* 1659 (3d ed. unabridged 1965); *accord 2 The New Shorter Oxford English Dictionary* 2130 (Lesley Brown ed., 4th ed. thumb index ed.1993); *Random House Collegiate Dictionary* 976 (Rev. ed.1980).

The plain meaning of "payable" indicates a future action or a present obligation, not a past payment. The court concludes that Congress has exempted from levy only those worker's compensation benefits payable to the delinquent taxpayer, not worker's compensation benefits that have already been paid to the taxpayer. Although the funds seized by the IRS were worker's compensation benefits, they were not exempted from levy under I.R.C. § 6334(a)(7) because the benefits had already been paid and therefore were not an "amount *payable* to an individual as workmen's compensation." Because the levy was proper, the court will grant summary judgment to the IRS.

### III. CONCLUSION AND ORDER

Plaintiff's Motion for Summary Judgment (Docket Entry No. 20) is **DENIED.** The United States of America's prayer for summary judgment, included in its Reply to Plaintiff's Motion for Summary Judgment (Docket Entry No. 21), is **GRANTED.**

### FINAL JUDGMENT

In accordance with the court's Order granting the United States of America's Motion for Summary Judgment, this case is **DISMISSED with prejudice.**

This is a **FINAL JUDGMENT.**