**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4745**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY DAVID LAMBERT,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (2:08-cr-00015-LHT-1)

Submitted: September 1, 2010    Decided: September 20, 2010

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert O. Saunooke, SAUNOOKE LAW FIRM, P.A., Cherokee, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Jennifer A. Youngs, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary David Lambert appeals the district court's garnishment order and denial of his motion to quash. Lambert argues that the per capita distributions of the Eastern Band of Cherokee Indians are not subject to garnishment under 28 U.S.C. § 3014(a)(2)(A) (2006), because the Cherokee Tribal Code exempts that property. For the reasons set forth below, we affirm.

The Mandatory Victims Restitution Act ("MVRA") allows the district court to order restitution to "any victim" of certain crimes, including the victim of the crime for which Lambert stands convicted. 18 U.S.C. § 3663(a)(1)(A) (2006). A restitution order "is a lien in favor of the United States" on all of the defendant's property and rights to property "as if the liability . . . were a liability for a tax assessed under the Internal Revenue Code." 18 U.S.C. § 3613(c) (2006).[*] Thus, the MVRA empowers the United States to enforce a judgment that imposes a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f) (2006). Section 3613 may be enforced against all property

---

[*] Although § 3613 specifically governs civil remedies for satisfaction of unpaid fines, its provisions are also applicable to orders of restitution. 18 U.S.C. §§ 3613(a), (f), 3664(m)(1)(A) (2006).

2

or property rights except certain property not relevant here, "[n]otwithstanding any other Federal law." § 3613(a). The exemption Lambert seeks to invoke, 28 U.S.C. § 3014, is inapplicable specifically to enforcement of criminal fines and restitution, 18 U.S.C. § 3613(a)(2).

The MVRA's language is clear and unambiguous; its provisions apply "[n]otwithstanding any other Federal law." 18 U.S.C. § 3613(a). See Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993) ("[I]n construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."). The MVRA's "notwithstanding" clause supersedes conflicting federal statutes. See, e.g., United States v. Novak, 476 F.3d 1041, 1047 (9th Cir. 2007) (en banc) (MVRA provisions supersede the non-alienation provisions of ERISA); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) (same).

In light of the MVRA's broad language, including its clear intention to override conflicting federal law, the district court did not err in denying Lambert's motion to quash. Irrespective of whether the tribal ordinance constitutes federal, state, or local law under 28 U.S.C. § 3014, the district court correctly concluded that the Government was entitled to garnish all of Lambert's property or rights to

3

property "as if the liability . . . were a liability for a tax assessed under the Internal Revenue Code," and the § 3014 exemption does not apply.  18 U.S.C. § 3613(c), (a)(2).

Accordingly, we affirm the district court's orders granting the Government's petition for writ of garnishment and denying Lambert's motion to quash.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>