**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY THOMAS MAEHR,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 11-9019

(Tax Court. No. 10758-11)

(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In February 2011, the Commissioner issued notices of deficiency to Appellant, Jeffrey Thomas Maehr, for the tax years 2003, 2004, 2005, and 2006.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The notices asserted income tax deficiencies and penalties for failure to file, failure to pay the estimated tax, and failure to pay the tax. Maehr filed a petition with the United States Tax Court pursuant to Tax Court Rule 34, seeking redetermination of the alleged deficiencies. He supported the petition with, *inter alia*, assertions the Internal Revenue Service lacked standing; the Internal Revenue Code has not been enacted into "positive law"; the Internal Revenue Service is not a lawfully created agency but is, instead, an agency of the International Monetary Fund; he is not a taxpayer because wages are not income; Form 1040 is illegitimate because it is not imprinted with an OMB control number; and the Sixteenth Amendment does not authorize the imposition of federal income taxes on citizens of the individual states.

The Commissioner moved to dismiss Maehr's petition, arguing it failed to state a claim upon which relief can be granted and failed to comply with Rule 34 because it did not contain "[c]lear and concise assignments of each and every error which [Maehr] alleges to have been committed by the Commissioner in the determination of the deficiency or liability," or "[c]lear and concise lettered statements of the facts on which [Maehr] bases the assignments of error." Tax Ct. R. 34(b)(4), (5). The Tax Court ordered Maehr to respond to the Commissioner's motion and to file an amended petition. Maehr filed an objection wherein he elected to stand on his original petition and stated it was impossible to provide specific assignments of error because "the entire assessment is in error." He also

-2-

argued the Commissioner's actions interfered with his religious rights by forcing him to comply with unlawful and unconstitutional statutes against his will.

The Tax Court granted the Commissioner's motion, dismissed Maehr's petition, and found Maehr owed the deficiencies and penalties set out in the notices of deficiency. In the written order of dismissal, the court concluded Maehr's petition failed to comply with Rule 34 because it did not contain specific challenges to the Commissioner's calculations or allege any facts necessary to resolve any alleged errors. The court further noted Maehr had not availed himself of the opportunity to cure his deficient petition by filing an amendment. Maehr filed two motions to vacate, both of which were denied by the Tax Court.

Maehr now appeals the dismissal of his petition, raising essentially the same points presented in his petition. This court reviews *de novo* the Tax Court's dismissal of Maehr's petition for failure to state a claim, applying the same standard as the Tax Court. *Fox v. Comm'r*, 969 F.2d 951, 952 (10th Cir. 1992). Although we construe Maehr's pleadings liberally because he is proceeding *pro se*, we conclude the Tax Court did not err in dismissing his petition because the petition did not comply with the requirements of Rule 34(b)(4) and (5). After review of Maehr's petition, we conclude it contains no valid challenges to the notices of deficiency and fails to specifically identify errors related to the determination of his income tax deficiencies. It, instead, raises conclusory challenges to the constitutionality of the Internal Revenue Code and power of the

Commissioner to impose income taxes. *See id.* at 952-53 (holding frivolous assertions in a taxpayer's petition do not satisfy the requirements of Rule 34). The petition raises no genuine challenge to the notices of deficiency because Maehr's arguments have been repeatedly rejected by this court. *See, e.g., Wheeler v. Comm'r*, 528 F.3d 773, 777 (10th Cir. 2008) ("We have held that an argument that no statutory authority exists for imposing an income tax on individuals is completely lacking in legal merit and patently frivolous." (quotations omitted)); *Lewis v. Comm'r*, 523 F.3d 1272, 1277 (10th Cir. 2008) (rejecting argument that IRS Form 1040 does not comply with the Paperwork Reduction Act of 1995); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("[Taxpayer's] argument that the sixteenth amendment does not authorize a direct, non-apportioned tax on United States citizens . . . is devoid of any arguable basis in law."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting arguments nearly identical to the ones advanced by Maehr as meritless and "patently frivolous").

Because Maehr's petition contains no assignments of errors he alleges were committed by the Commissioner in the determination of his income tax deficiencies or any facts upon which to base an assignment of error, the Tax Court properly concluded it failed to state a claim upon which relief can be granted. Accordingly, we **affirm** the dismissal of his petition. Because Maehr's motion to proceed *in forma pauperis* indicates he is able to pay the costs

associated with pursuing this appeal, his request to proceed *in forma pauperis* is **denied** and he is ordered to pay any remaining balance of the appellate filing fee. All additional outstanding motions are **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge