**UNITED STATES of America.**

**v.**

**Christal Compton COKER, Defendant.**

**Criminal No. 10–00061–CB.**

United States District Court,
S.D. Alabama,
Southern Division.

Signed March 24, 2014.

Steven E. Butler, Alex F. Lankford, IV, Vicki M. Davis, U.S. Attorney's Office, Mobile, AL, for United States of America.

Kristen Gartman Rogers, Fred Tiemann, Federal Public Defender's Office, Mobile, AL, Thomas Brian Walsh, Mobile, AL, for Defendant.

## ORDER

CHARLES R. BUTLER, JR., Senior District Judge.

This matter is before the Court on "Defendant's Objection and Motion in Opposition to the Government's Writ of Garnishment of Worker's Compensation Settlement for Future Medical Expenses" (Doc. 46) and "Defendant's Request for Hearing and/or Transfer" (Doc. 45). The Government has filed a reply in opposition to these motions (Doc. 47). At issue is whether funds paid to the Defendant as part of a worker's compensation settlement are exempt from garnishment. For reasons discussed below, the Court finds that these funds are not exempt and that

the Defendant is not entitled to a hearing[1] or to relief from garnishment.

**Background**

In 2010, Defendant Christal Compton Coker pled guilty in this case to one count of theft of public money in violation of 18 U.S.C. § 641. She was sentenced to a term of 5 years probation and was ordered to pay restitution of $55,810 and a $100 special assessment fee. On January 16, 2014, the Government filed an "Ex Parte Application for Post–Judgment Continuing Writ of Garnishment." (Doc. 41.) In support of that motion, the Government alleged that the unpaid balance of the restitution amount was $53,391.00, that more than 30 days prior to the application the Government had made demand on Coker for the balance, and that Coker was believed to have in her possession, custody or control, "funds in the targeted [bank] account which may constitute payments made to her as a result of the settlement of a worker's compensation claim." (Ex Parte Application, Doc. 41, ¶ 3.)

The Court issued the Post–Judgment Continuing Writ of Garnishment on January 22, 2014, directing the garnishee, the USA Federal Credit Union, to "withhold and retain any property up to $53,391.00 in its possession, custody or control, in which Defendant has a substantial non-exempt interest at the time this Writ is served..." (Writ of Garnishment ¶ 1, Doc. 42.) The Garnishee responded by answer dated January 27, 2014, that it currently had possession, custody, or control of a savings account with the approximate value of $593.80 belonging to the Defendant. (Answer ¶ 3, Doc 43.) On February 17 and 18, 2014, Coker filed motions in opposition to the writ of garnishment, claiming that the funds are exempt because they were part of a worker's compensation settlement for future medical expenses.[2]

**Legal Analysis**

Generally speaking, a restitution order becomes a lien on all the defendant's property and is treated the same as a tax lien under § 6334 of the Internal Revenue Code. 18 U.S.C. § 3613(c); *United States v. Lambert*, 395 Fed.Appx. 980 (4th Cir. 2010). The United States can enforce a restitution order as it would any civil judgment under state or federal law, 18 U.S.C. § 3613(a) & (f), and has commenced this garnishment proceeding pursuant to Ala. Code §§ 6–6–370 *et seq.* (1975). Federal law exempts certain property from levy—specifically, property enumerated in 26 U.S.C. § 6334(a). 18 U.S.C. § 3613(a). Coker claims an exemption based on 26 U.S.C. § 6334(a)(7), which exempts "[a]ny amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico." The Government, on the other hand, counters that the exemption does not apply because the funds in the garnished account were "paid" and not "payable."

---

1. Defendant's motion for hearing is entitled, alternatively, a request for transfer, but the body of the motion makes no mention of transfer. Thus, it is unclear what, if any, transfer is requested.

2. According to documentation provided by Defendant, Coker accepted $100,000 in settlement of the medical portion of her worker's compensation claim in November 2013. Pursuant to the settlement agreement $25,000 of that amount was paid to her attorney. (Doc. 46–1.) In its response, the Government alleges that the majority of the remaining $75,000 was deposited into the targeted bank account on December 9, 2013 and was withdrawn or transferred three days later into an account reportedly owned solely by Coker's husband. The Government indicates that it intends to file a fraudulent conveyance action with respect to those funds.

The issue is one of statutory interpretation, that is, does the statute's exemption of worker's compensation "payable" encompass funds that were paid in settlement of a worker's compensation claims? Statutory construction begins with the language of the statute, and that language is conclusive "[a]bsent a clearly expressed legislative intention to the contrary." As one court has held, "[t]he plain meaning of the word 'payable' is an amount '[c]apable of being paid' or 'suitable to be paid' or 'an obligation to be paid at a future time.'" *Hughes v. IRS*, 62 F.Supp.2d 796, 800 (E.D.N.Y.1999). Funds in a bank account are "no longer capable of being paid." *Id.* at 801.

Other courts addressing the exemption invoked here have reached the same conclusion. In *Cathey v. United States*, 35 F.Supp.2d 518 (S.D.Tex.1998), *aff'd*, 200 F.3d 814 (5th Cir.1999) (unpubl.), the plaintiff contended that because funds seized from a bank account "were worker's compensation benefits, they [we]re exempt from levy under § 6334(a)(7)." *Id.* at 520. The court found that "[t]he plain meaning of 'payable' indicates a future action or a present obligation" and not funds already paid. *Id.* at 521. The court also pointed out that Congress knew how to exempt funds already paid and had explicitly done so in § 6334(a)(9), which exempts "'[a]ny amount *payable to or received by* an individual as wages or salary for personal services' that does not exceed particular statutory maxima." *Cathey*, at 520 (quoting 26 U.S.C. § 6334(a)(9)(emphasis added)). If "payable" included funds received, then the "or received" language in subsection (a)(9) would be surplusage. An identical issue was raised in *Fredyma v. United States*, 1998 WL 77993 (D.N.H. Jan. 9, 1998), where the plaintiff "argue[d] that the exemption applies to both funds payable and those that have already been paid." *Id.* at *3. After examining the statutory language, the court found its meaning to be straightforward and concluded that Congress did not intend to include money that has already been paid. *Id.* at *4.

Coker's objection to the garnishment ignores the issue of statutory interpretation. First, she purports to distinguish *Cathey* without ever discussing the critical distinction between "payable" and "paid." Next, she argues that the Government has "created ambiguity" in the statute where none exists. But the Government has asserted no ambiguity in the statutory language. To the contrary, the Government argues that the language is clear and that the clear meaning should be given effect. Rather than addressing how the term "payable" might encompass funds paid, Coker points to cases that "confirm" the worker's compensation exemption. Those cases, *Drye v. United States*, 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999), and *MacElvain v. United States*, 2002 WL 31083659 (M.D.Ala. Aug. 9, 2002), merely list worker's compensation as one of the exemptions from levy found in § 6334(a). The *existence* of a worker's compensation exemption is uncontested, and cases that "confirm" that fact are superfluous. The question presented is whether that exemption applies to funds already paid. Coker has presented no authorities that address that issue.

## Conclusion

The worker's compensation funds paid to the Defendant are not exempt from levy or garnishment. Accordingly, Defendant's objection is **OVERRULED** and the motion in opposition to the writ of garnishment is **DENIED**. Defendant's motion for hearing and/or transfer is also **DENIED**.