FILED
United States Court of Appeals
Tenth Circuit

February 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEFFREY T. MAEHR,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE; GINGER L. WRAY; WELLS
FARGO BANK, N.A.,

     Respondents - Appellees.

No. 15-1342
(D.C. No. 1:15-MC-00127-JLK-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

     Petitioner Jeffrey Thomas Maehr did not pay his federal income taxes from

2003 to 2006 and still owes the IRS the amount of his unpaid liabilities for these

years. *See Maehr v. C.I.R.*, 480 F. App'x 921 (10th Cir. 2012). This current lawsuit

stems from the IRS's attempt to collect on these liabilities. Namely, Petitioner seeks

to quash a summons the IRS issued to Wells Fargo Bank that would require it to hand

_____

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

over information relating to "any account [over which Petitioner] has check signing authority or right of withdrawal." But we are unable to reach the merits of Petitioner's motion because the district court lacked subject matter jurisdiction to adjudicate this case.

Petitioner alleges in his Motion to Quash that he can bring such a motion because he "is the person[] who is identified in the description of the records contained in the [s]ummons," but he does not identify any authority to support this assertion. The only relevant authority that he can potentially rely on is 26 U.S.C. § 7609. Subject to certain exceptions, this statute mandates that when the IRS issues a summons to a third party to produce another person's records, the IRS must give notice to "any person (other than the person summoned) who is identified in the summons." 26 U.S.C. § 7609(a). The practical effect of this statute is to alert a taxpayer when the IRS is collecting his or her records from another source so that the taxpayer has an opportunity to challenge the summons. For this reason, § 7609 grants "the person entitled to notice of a summons"—the taxpayer—a limited "right to begin a proceeding to quash such summons." *Id.* § 7609(b)(2)(A).

At first glance, § 7609 would seemingly allow Petitioner to bring a Motion to Quash the summons issued to Wells Fargo Bank. But this section specifically states that it does *not* apply to a summons "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." *Id.* § 7609(c)(2)(D)(i). The summons the IRS issued to Wells Fargo Bank was clearly in aid of the collection of Petitioner's

2

assessed tax liabilities. Thus, the IRS was not required to give notice to Petitioner pursuant to § 7609 that it had issued a summons to Wells Fargo Bank, and as a result Petitioner is not a "person who is *entitled* to notice of a summons." *Id.* § 7609(b)(2)(A) (emphasis added). He therefore cannot invoke the protections of § 7609 to quash the summons.

Petitioner's inability to utilize § 7609 is fatal to his case, for we have held that the motion to quash provision of § 7609 is jurisdictional in nature as it represents a limited waiver of the government's sovereign immunity. *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990) (noting that "jurisdiction ends" when "[t]he government's waiver of sovereign immunity [under § 7609(b)(2)] ends"); *see also* 26 U.S.C. § 7609(h)(1) ("The United States district court . . . shall have *jurisdiction* to hear and determine any proceeding [to quash a summons]." (emphasis added)). Put differently, because the government has specifically indicated that § 7609 does not apply to a taxpayer in Petitioner's situation—that is, when a summons has been issued to collect on the taxpayer's assessed liabilities—the government has not waived its sovereign immunity in a way that would allow Petitioner to bring a suit against it to quash a summons. And because the government has not waived its sovereign immunity, the district court lacked subject matter jurisdiction to adjudicate the underlying merits of Petitioner's motion. *Faber*, 921 F.2d at 1119 ("[A]ny exercise of a court's jurisdiction over the government depends on the government's consent.").

The magistrate judge initially assigned to this case also ruled that subject

matter jurisdiction was lacking, albeit for a different reason. He noted that Petitioner had not brought his Motion to Quash within twenty days after he had received notice of the summons, which is a filing defect that precludes jurisdiction under § 7609. *See* 26 U.S.C. § 7609(b)(2)(A)–(B); *Faber*, 921 F.2d at 1120 ("Because Faber filed his motion to quash . . . more than twenty days after the IRS gave notice[,] the district court lacked jurisdiction to hear his motion."). For this same reason, the district court agreed with the magistrate judge's conclusion that it lacked jurisdiction.[1] But because Petitioner was not even entitled to a notice of the summons in the first place, we need not worry about whether he satisfied the twenty-day filing requirement: he was not subject to the time constraints of § 7609 since he had no right to begin a proceeding to quash the summons. The mistaken reasoning of the magistrate judge and district court, however, is insignificant because "[w]e

---

[1] The district court originally referred Petitioner's case to the magistrate judge "for all purposes[,] . . . including rulings on the Motion to Quash," and the magistrate judge thus issued an apparent "final" order dismissing the case. The district court only came into the picture afterward when Petitioner, instead of appealing directly to this Court, filed a motion in the district court challenging the magistrate judge's ruling and asking that the district court recuse the magistrate judge. We note that the magistrate judge had no authority to issue a final order dismissing this proceeding— he had only the authority to propose to the district court that it should dismiss the case. *United States v. Jones*, 581 F.2d 816, 817–18 (10th Cir. 1978); *see also Strong v. United States*, 57 F. Supp. 2d 908, 913–14 (N.D. Cal. 1999) (noting that a magistrate judge should issue a report and recommendation when ruling on a motion to quash an IRS summons). Nonetheless, because the district court ultimately reviewed the magistrate judge's decision anyway in response to Petitioner's motion and held that the magistrate judge was correct, we choose to treat the magistrate judge's order as a proposed disposition and the district court's orders as final, appealable orders. *See United States v. First Nat. Bank of Atlanta*, 628 F.2d 871, 873 (5th Cir. 1980) ("[W]e think it within our discretion to construe the magistrate's order as a proposed disposition and the district court order as an adoption of the magistrate's proposal.").

review the district court's order dismissing the case for lack of subject matter jurisdiction de novo." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). We thus reach the same ultimate outcome and hold that the district court lacked subject matter jurisdiction to adjudicate the merits of Petitioner's Motion to Quash.

On a related note, Petitioner recently filed a document with this Court entitled "Notice of Additional Defendant and Motion for Equitable Estoppel." He submitted this motion after the IRS began levying six pieces of his property—including his Wells Fargo Bank account—in January 2016 while his current appeal seeking to quash the summons issued to Wells Fargo Bank was pending. From what we can make of this motion, he asks us to do three main things: (1) give him leave to assert claims for damages against the IRS so that he can be compensated for the levies the IRS issued on the six pieces of property, (2) add as defendants the IRS employee who issued the notices of levy and two of the banks that acquiesced to the levies, and (3) appoint him an attorney in this case since he is proceeding *in forma pauperis*.

We deny Petitioner's requests because these issues were not raised in the district court. Petitioner's sole reason for filing the initial lawsuit was to determine whether the summons the IRS issued to Wells Fargo Bank should be quashed. This issue is entirely distinct from whether the IRS could actually *levy* his property. And because these issues are distinct, it would be improper for us to adjudicate these new grievances even though they occurred just recently. As we have repeatedly stated, we are not a court of first review. *E.g.*, *Hinde v. Hot Sulphur Springs, Colo.*, 482

5

F.2d 829, 834 (10th Cir. 1973) ("[W]e are not a trial court and . . . a case cannot be presented de novo on appeal.").

We also deny Petitioner's request for appointment of counsel for another reason. Namely, giving him a lawyer would do him no good because he filed this case frivolously. *See* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). Petitioner has continuously utilized the judicial system (he claims he "has now been in at least [twelve] courts") to try to avoid paying his underlying tax liabilities even though the courts have repeatedly concluded that his claims are without merit. *See, e.g.*, *Maehr v. United States*, No. 8:08CV190, 2009 WL 2507457, at \*3 (D. Neb. Aug. 13, 2009) (concluding that Petitioner's "arguments are without merit and the court will not waste time addressing these frivolous claims"); *Maehr v. United States*, No. 3:08-MC-00067-W, 2008 WL 2705605, at \*2 (W.D.N.C. July 10, 2008) (concluding that Petitioner's arguments are "wholly without merit"). This pattern remains true in this current lawsuit: Petitioner has presented no issue that would have a genuine chance of succeeding on the merits and is simply wasting judicial resources. And even if we were to give counsel to Petitioner, the district court still lacks the necessary subject matter jurisdiction to consider his Motion to Quash. Appointing counsel to represent Petitioner would thus be useless, and we deny his "Notice of Additional Defendant and Motion for Equitable Estoppel" in its entirety.

6

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge