**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY T. MAEHR,

　　　　Plaintiff - Appellant,

v.

JOHN KOSKINEN, Commissioner of
Internal Revenue; JOHN VENCATO,
Revenue Agent; GINGER WRAY,
Revenue Agent; JEREMY WOODS,
Disclosure Specialist; WILLIAM
SOTHEN, Revenue Agent; GARY
MURPHY, Revenue Agent;
THERESA GATES, Program
Manager; SHARISSE TOMPKINS,
Disclosure Manager; CAROLYN W.
COLVIN, SSA Acting Administrator;
WELLS FARGO BANK N.A.; JOHN
AND JANE DOES 1-100,

　　　　Defendants - Appellees.

No. 16-1204
(D.C. No. 1:16-CV-00512-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

　　　　Appellant Jeffrey Maehr appeals the district court's dismissal of his *pro se*

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

complaint as legally frivolous.

In his complaint, Appellant challenges both the assessment of unpaid income tax liabilities against him and the manner in which the government is seeking to collect these unpaid liabilities.

We agree with the district court that Appellant's challenges to his underlying tax liabilities are frivolous. Appellant has raised these same arguments before, and we have rejected them before. *See, e.g.*, *Maehr v. IRS*, 480 F. App'x 921, 923 (10th Cir. 2012). The cases and statutes cited by Appellant do not change this analysis. We thus affirm the dismissal of all of Appellant's challenges to the validity of the previously adjudicated determination that he is liable for unpaid income taxes.

Most of Appellant's challenges to the government's collection efforts are also legally frivolous. For instance, this court has previously rejected as frivolous the argument that the IRS is only authorized to levy the property of government employees, *see James v. United States*, 970 F.2d 750, 755 n.9 (10th Cir. 1992), and Appellant's argument that his Social Security retirement benefits cannot be levied under 42 U.S.C. § 407(a) ignores the fact that this provision is expressly superseded by 26 U.S.C. § 6334(c) in the tax-collection context. Appellant's reliance on 26 U.S.C. § 6331(h) is also misplaced. This statute permits a levy of up to fifteen percent on certain payments listed in § 6334(a) that would otherwise be completely exempt from levy; it places no limitations on the government's

authority to levy property that falls outside the express protections of § 6334(a), including Social Security retirement benefits. The allegations in Appellant's complaint are also insufficient to establish a meritorious legal claim for relief against Wells Fargo based on its role in the levies placed on Appellant's accounts.

However, we are persuaded that Appellant's complaint raises one potentially meritorious claim for relief relating to the manner in which the government is seeking to collect his unpaid tax liabilities. Appellant alleges that the government has placed two levies on the bank account where he receives his disability payments from the Veterans' Administration, seeking seizure of all funds from this account despite the fact that the money in this account comes almost entirely from VA disability payments that are statutorily exempt from levy. *See* 26 U.S.C. § 6334(a)(10).

In their brief on appeal, Appellees argue there are two reasons why we can affirm the dismissal of this claim as frivolous: (1) the IRS did not place a *direct* levy on any exempt VA disability payments; and (2) even if the IRS is improperly levying exempt disability payments, "'the only remedy available to the taxpayer would be full payment of the assessment of his tax liability followed by a suit for refund in district court.'" (Br. at 13 (quoting *Marvel v. United States*, 548 F.2d 295, 297 (10th Cir. 1977)) (brackets omitted).)

We address the second of these arguments first. In *Marvel*, we considered a business's request for a preliminary injunction to prevent the IRS from levying

on the business's assets during the pendency of a district court lawsuit for refund of a partial payment of employment taxes. We noted that the Anti-Injunction Act appears on its face to prevent any such injunctive relief: "Except as provided in sections 6121(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). We then noted that this provision had been subject to "a long and variable history of judicial construction ranging from strict enforcement to equation with the ordinary judicial standard for equitable relief." *Marvel*, 548 F.2d at 297. Most recently, however, the Supreme Court had employed a strict construction of this Act, recognizing only a narrow exception applicable where the taxpayer demonstrates "'that under no circumstances could the Government ultimately prevail' and that 'equity jurisdiction otherwise exists.'" *Id.* (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). Given "the literal wording of the Act, the strict pattern of construction adopted by the Supreme Court, and the great deference afforded by the Supreme Court to the government's interest in the prompt collection and enforcement of taxes," we refused to recognize any other exception to the applicability of the Anti-Injunction Act. *Id.* at 300. We then held that the business had failed to satisfy the demanding requirements of the *Williams Packing* exception to the Act, and we thus held that the district court had properly denied the requested injunctive relief. *Id.* at 300–01.

As for the language from *Marvel* that Appellees quote in their brief, this language relates to the jurisdiction of the tax court in refund cases involving the partial payment of employment or excise taxes, and it has no clear applicability here. We also note that Appellees' brief ignores the fact that Appellant's complaint sought relief other than injunctive relief, and they have not addressed whether Appellant could potentially obtain other relief for the allegedly illegal levying of the bank account where Appellant's VA disability benefits are deposited.

However, *Marvel*'s broader holding—that the Anti-Injunction Act prevents injunctive relief unless the plaintiff can satisfy the demanding *Williams Packing* exception—is still at issue in determining whether or not Appellant can obtain injunctive relief for this claim. And on this point, there is an unresolved question regarding the possible distinction between directly levying exempt funds and placing a levy on the bank account where such funds are deposited.

If the IRS had placed a direct levy on Appellant's VA disability benefits, we have little doubt that Appellant would have been able to satisfy the *Williams Packing* test and obtain injunctive relief. We see no possibility of the government prevailing on the merits in such a case, and a disabled veteran will likely be able to show that he will suffer irreparable injury if the government is not enjoined from illegally levying the VA benefits on which he relies for his maintenance and survival. *See Comm'r v. Shapiro*, 424 U.S. 614, 627 (1976) (stating that the

second prong of the *Williams Packing* test is satisfied if "the taxpayer shows that he would otherwise suffer irreparable injury"). However, here the government has not directly levied Appellant's VA benefits, and it suggests that it may do indirectly what it may not do directly—that it may wait until exempt VA disability benefits have been directly deposited into Appellant's bank account and then promptly obtain them through a levy on all funds in the bank account, despite their previously exempt status. The government cites no authority to support this argument, and the few cases we have found adopting such a rule, *see, e.g.*, *Calhoun v. United States*, 61 F.3d 918 (Fed. Cir. 1995) (unpublished table decision); *United States v. Coker*, 9 F. Supp. 3d 1300, 1301–02 (S.D. Ala. 2014); *Hughes v. IRS*, 62 F. Supp. 2d 796, 800–01 (E.D.N.Y. 1999), have not considered whether this result is consistent with the Supreme Court's opinion in *Porter Aetna Casualty & Surety Co.*, 370 U.S. 159 (1962), or with 38 U.S.C. § 5301's prohibition against the levy of veterans' benefit payments either before or after receipt by a beneficiary.

We **REVERSE AND REMAND** for the district court to consider Appellant's non-frivolous legal claim that the IRS has improperly levied exempt VA disability benefits by placing a levy on all funds in the bank account where Appellant's disability benefits are deposited. In so doing, we express no opinion on the ultimate resolution of this claim or on the unresolved questions regarding the availability of the types of relief Appellant has sought or may seek in an

amended complaint addressing only this claim. We **AFFIRM** the dismissal of all other claims and arguments as legally frivolous. Appellant's motion to proceed *in forma pauperis* on appeal is **GRANTED**. All other pending motions are **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge