NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY T. MAEHR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-2286

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01000-SGB, Senior Judge Susan G. Braden.

---

Decided: April 10, 2019

---

JEFFREY T. MAEHR, Pagosa Springs, CO, pro se.

JOHN SCHUMANN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT JOEL BRANMAN, JOAN I. OPPENHEIMER, RICHARD E. ZUCKERMAN.

---

Before PROST, *Chief Judge,* NEWMAN and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. Jeffrey T. Maehr seeks review of the United States Court of Federal Claims' decision denying Mr. Maehr's motion for reconsideration of dismissal of the case. Because we discern no error in the Court of Federal Claims' denial of Mr. Maehr's motion for reconsideration, we affirm.

BACKGROUND

On February 11, 2011, the Internal Revenue Service ("IRS") issued a notice of deficiency to Mr. Maehr for unpaid federal taxes for the tax years 2003 through 2006. On May 9, 2011, Mr. Maehr filed a petition with the United States Tax Court challenging the notice of deficiency and seeking a redetermination of assessed federal taxes on multiple grounds. On August 19, 2011, the Tax Court dismissed the petition for failure to state a claim, which the Tenth Circuit affirmed. *See Maehr v. Comm'r of Internal Revenue*, 480 Fed. Appx. 921, 923 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 1579 (2013), *rehearing denied*, 133 S. Ct. 2384 (2013). Throughout these proceedings, Mr. Maehr did not pay the assessed taxes and penalties. Consequently, the IRS instituted proceedings to levy Mr. Maehr's social security benefits, veteran's disability compensation, and other assets.

On July 24, 2017, Mr. Maehr filed a complaint in the Court of Federal Claims. He raised several constitutional and tort claims against the Government, challenging the authority of the IRS to tax and levy his assets. Mr. Maehr sought declaratory relief, as well as compensatory and punitive damages. On November 21, 2017, the Government moved to dismiss Mr. Maehr's complaint for lack of subject matter jurisdiction and for failure to state a claim. Mr. Maehr opposed the Government's motion and further requested that the Court of Federal Claims summon a grand jury.

On April 30, 2018, the Court of Federal Claims dismissed all claims in the complaint as well as the motion for summons of a grand jury. *Maehr v. United States*, 137 Fed. Cl. 805, 817 (Fed. Cl. 2018). The Court of Federal Claims determined that it did not have subject matter jurisdiction to hear any of the stated claims and that it could not empanel a grand jury because it did not have jurisdiction over criminal matters. *Id.* at 811–12, 814–17.

On June 6, 2018, Mr. Maehr asked the court to reconsider his motion to dismiss. Mr. Maehr also argued that under *Travelers Indemnity Co. v. United States*, 72 Fed. Cl. 56, 59–60 (Fed. Cl. 2006), the interest of justice would be better served by transferring the case to "a court of competent jurisdiction." Mr. Maehr further asserted in his motion for reconsideration that the Supreme Court could properly adjudicate his claims under its original jurisdiction. Mr. Maehr also asked the court to reconsider its denial of his motion for summons of a grand jury, arguing that the Court of Federal Claims must empanel a grand jury to comply with existing statutes and federal rules.

On July 26, 2018, the Court of Federal Claims denied Mr. Maehr's motion for reconsideration. *Maehr v. United States*, 139 Fed. Cl. 1, 3–4 (Fed. Cl. 2018). The court held that Mr. Maehr failed to show that there was new evidence, an intervening change in controlling law, or that reconsideration was necessary to prevent manifest injustice. *Id.* With respect to the request for transfer, the court held that dismissal was within its discretion under *Travelers Indemnity Co.*, 72 Fed. Cl. at 59. *Maehr*, 139 Fed. Cl. at 3. The court also held that it had no jurisdiction over criminal matters and could not empanel a grand jury. *Id.* at 4.

Mr. Maehr appeals the denial of his motion for reconsideration.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a ruling by the Court of Federal Claims denying a motion for reconsideration for abuse of discretion. *Mass. Bay Transp. Auth. v. United States*, 254 F.3d 1367, 1378 (Fed. Cir. 2001).  "An abuse of discretion occurs when a court misunderstands or misapplies relevant law or makes clearly erroneous findings of fact." *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007).

Under Rule 59(a)(1) of the Rules of the Court of Federal Claims, the court may only reconsider and alter or amend its judgment if the movant demonstrates that: "(1) there has been an intervening change in controlling law; (2) previously unavailable evidence has been discovered; or (3) reconsideration is necessary to prevent manifest injustice." *Heritage of Am. v. United States*, 77 Fed. Cl. 81, 82 (Fed. Cl. 2007).

In general, *pro se* litigants' submissions to the court are held to "less stringent standards than formal pleadings drafted by lawyers." *Forshey v. Principi*, 284 F.3d 1335, 1357–58 & n.21 (Fed. Cir. 2002) (en banc) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), *superseded on other grounds by statute*, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832 (2002).  Nevertheless, the court cannot redraft a pleading for a *pro se* plaintiff in order to

---

[1]     On November 15, 2018, Mr. Maehr filed a motion to supplement the record with his Social Security statement from January 20, 2009.  The court grants Mr. Maehr's motion and has considered all evidence relevant to this appeal.

resolve ambiguities or omissions. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

On appeal, Mr. Maehr challenges only the Court of Federal Claims' denial of his motion for reconsideration. Mr. Maehr argues that the Court of Federal Claims erred by not transferring the case to a federal court with proper jurisdiction and by dismissing his motion seeking a summons of a grand jury. We address each of these arguments in turn.

I

We first consider Mr. Maehr's argument that his case should not have been dismissed but instead transferred to a federal court with proper jurisdiction. Mr. Maehr asserts that a transfer would be in the interest of justice and that the Supreme Court would have original jurisdiction over his claim.

Under 28 U.S.C. § 1631, when a federal court does not have jurisdiction over a case, that court may transfer it to another federal court that does have jurisdiction if the transfer is in the interest of justice. 28 U.S.C. § 1631. The burden is on Mr. Maehr to identify the proposed transferee court and show that jurisdiction would be proper there. *See Hill v. Dep't of the Air Force*, 796 F.2d 1469, 1470–71 (Fed. Cir. 1986) ("To transfer a case containing a specious or inadequate allegation of authority in the transferee court, without review of the threshold issue of jurisdiction, would violate both 28 U.S.C. § 1631 and our judicial responsibility."); *see also Soliman v. United States*, 724 F. App'x. 936, 941 (Fed. Cir. 2018) ("Soliman has not identified another court in which this action could have been brought, and we are aware of none.").

Neither party disputes that the Court of Federal Claims lacks jurisdiction to hear the claims. *See Maehr*, 139 Fed. Cl. at 3 (denying reconsideration because dismissal for lack of jurisdiction is consistent with *Travelers*

*Indemnity Co.*).  The only court Mr. Maehr identifies for the purpose of transfer is the Supreme Court, which he argues has original jurisdiction over his claims.  This case, however, does not fall into the narrow category of cases that constitute the original jurisdiction of the Supreme Court. *See* U.S. Const. art. III, § 2, cl. 2 (stating that the Supreme Court's original jurisdiction applies to "[c]ases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be a Party").  Mr. Maehr does not identify any other federal court that would have jurisdiction over his claims.  Because Mr. Maehr failed to show jurisdiction would be proper in another court, the Court of Federal Claims could not transfer the case.  *See Hill*, 796 F.2d at 1470–71.  Given that the court lacked subject matter jurisdiction, and Mr. Maehr failed to identify another court with jurisdiction, dismissal without transfer was appropriate.

The decision by the Court of Federal Claims to dismiss the action is consistent with the statute and reconsideration would not be necessary to prevent manifest injustice. Therefore, the Court of Federal Claims did not abuse its discretion in denying Mr. Maehr's motion to reconsider the request for transfer.

## II

We next consider Mr. Maehr's argument that the Court of Federal Claims erred by not summoning a grand jury as requested.  Mr. Maehr challenges the court's determination that it could not empanel a grand jury because it lacked jurisdiction to adjudicate criminal matters.  Mr. Maehr relies on Rule 6 of the Federal Rules of Criminal Procedure, which requires a court to order a grand jury summoned "[w]hen the public interest so requires." Fed. R. Crim. P. 6(a)(1).

These rules, however, are inapplicable because Mr. Maehr's case is not a criminal action.  Under Rule 1, "[t]hese rules govern the procedure in all *criminal*

*proceedings.*" Fed. R. Crim. P. 1(a)(1) (emphasis added). Nor does the Court of Federal Claims have jurisdiction over criminal proceedings. *Joshua v. United States*, 17 F.3d 378, 379 ("[The Court of Federal Claims] is a court of specific civil jurisdiction. . . . The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). Further, the Court of Federal Claims does not qualify as a court that can empanel a grand jury under the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 1(a)(1) ("These rules govern . . . in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States."). Accordingly, the Court of Federal Claims did not abuse its discretion in concluding that it has no jurisdiction to summon a grand jury.

CONCLUSION

We have considered all of Mr. Maehr's arguments pertaining to the denial of his motion for reconsideration, and conclude that the Court of Federal Claims did not abuse its discretion. The decision is affirmed.

**AFFIRMED**

COSTS

No costs.