FILED
United States Court of Appeals
Tenth Circuit

July 29, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEFFREY T. MAEHR,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 19-1335
(D.C. No. 1:18-CV-02273-PAB-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Jeffrey Maehr, appearing pro se, appeals from the district court's dismissal of

his tax-related suit for lack of subject matter jurisdiction and its rejection of his

requests for related relief.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

Maehr "has continuously utilized the judicial system . . . to try to avoid paying

his . . . tax liabilities [for tax years 2003–2006] even though the courts have

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

repeatedly concluded that his claims are without merit." *Maehr v. Comm'r*, 641 F. App'x 813, 816 (10th Cir. 2016). This appeal stems from Maehr's attempt to re-litigate the amount of his 2003–2006 tax liabilities.

Maehr first opposed the IRS's calculation of his liabilities for those years in 2011 by filing a petition with the United States Tax Court under Tax Court Rule 34. The Tax Court dismissed Maehr's petition. He appealed the dismissal to this court. We affirmed, and the Supreme Court denied his petitions for certiorari and rehearing. *Maehr v. Comm'r*, 480 F. App'x 921, 923 (10th Cir. 2012), *cert. denied*, 568 U.S. 1232, *and reh'g denied*, 569 U.S. 990 (2013).

Maehr then brought this action in the district court in 2018 "to challenge the [IRS's] tax assessments against him for tax years 2003, 2004, 2005, and 2006." Aplt. Reply Br. at 1–2.

Early in the case, Maehr filed a motion seeking the appointment of counsel. The district court denied the motion without prejudice, reasoning that the issues were not yet sufficiently developed to warrant granting the request at that time. But thereafter the court issued an order sua sponte appointing pro bono counsel to represent Maehr. Maehr's appointed counsel later withdrew, and Maehr proceeded pro se.

Maehr also filed a motion seeking the empanelment of a grand jury to investigate alleged misdeeds committed by the IRS and others. Acting on the magistrate judge's recommendation, the district court denied the motion, noting that

2

Maehr "failed to establish that he has standing to initiate criminal proceedings or that the Court has authority to do so." R. at 272.

Maehr further filed a motion for a preliminary injunction to enjoin the IRS from taking any enforcement action against him. Before ruling on this motion, the district court adopted the magistrate judge's recommendation that the suit be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). It reasoned that 26 U.S.C. § 6512(a) operated as a jurisdictional bar because Maehr elected to dispute his liabilities for the years in question in the Tax Court in the first instance. The court then denied Maehr's request for a preliminary injunction as moot.

## II.   Discussion

### A.  Failure to Appoint Replacement Counsel

Maehr observes that after his appointed counsel withdrew, "[n]o further counsel for this instant case was provided despite being requested, and [that he] feels this . . . diminished his effectiveness in the court's eyes as pro se alone." Aplt. Opening Br. at 16. But he does not provide any record citation to support his contention that he requested replacement counsel and does not articulate a reasoned argument that the district court erred by failing to appoint replacement counsel.

Because Maehr appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "An appellant's opening brief must identify 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the

3

record on which the appellant relies.'" *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (quoting Fed. R. App. P. 28(a)(8)(A)). "The court will not consider issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Armstrong v. Arcanum Grp., Inc.*, 897 F.3d 1283, 1291 (10th Cir. 2018) (alteration and internal quotation marks omitted); *see also Garrett*, 425 F.3d at 841 ("Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." (alteration and internal quotation marks omitted)). We decline to address Maehr's claim of error related to the appointment of counsel.

## B. Denial of Motion to Empanel a Grand Jury

The district court noted that Maehr "cite[d] no authority that permits the [c]ourt, in [a] civil case, to [e]mpanel a grand jury to investigate alleged criminal acts" and concluded that Maehr could not "initiate a criminal investigation by filing a motion to [e]mpanel a grand jury." R. at 270.

Maehr's opening brief does not advance a reasoned argument challenging the district court's rationale or its conclusion. In his reply brief, Maehr claims the district court erred because "there obviously must be a mechanism through which Americans can access the grand jury and present evidence for alleged crimes." Aplt. Reply Br. at 17. And he cites *United States v. Williams*, 504 U.S. 36 (1992), in support of this proposition. But that case addressed "whether a district court may dismiss an otherwise valid indictment because the Government failed to disclose to the grand jury 'substantial exculpatory evidence' in its possession." *Id.* at 37–38.

4

The case did not authorize civil plaintiffs or courts in civil cases to empanel grand juries.[1] We affirm the district court's order denying Maehr's request to empanel a grand jury.

## C. Rule 12(b)(1) Dismissal

We review de novo a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Chance v. Zinke*, 898 F.3d 1025, 1028 (10th Cir. 2018). "[W]e review the district court's findings of jurisdictional facts for clear error." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (alterations and internal quotation marks omitted).

Maehr does not dispute that he first challenged his tax liabilities for 2003–2006 in the Tax Court. Under 26 U.S.C. § 6512(a), "if the taxpayer files a petition with the Tax Court . . . no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court."[2] The statute's bar is jurisdictional. *See, e.g.*, *Solitron Devices, Inc. v. United States*, 862 F.2d 846, 848 (11th Cir. 1989) (per curiam); *First Nat'l Bank of Chicago v. United States*, 792 F.2d 954, 955–56 (9th Cir.

---

[1] To the extent Maehr argues that the district court erred because it failed to consider that his motion "was based on 18 [U.S.C. §] 4," Aplt. Reply Br. at 17, we reject his argument. That section provides that "[w]hoever, having knowledge of the actual commission of a felony . . . conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States," commits a crime. 18 U.S.C. § 4. It does not address grand juries or the process for empaneling them.

[2] This provision is subject to six enumerated exceptions, *see* 26 U.S.C. § 6512(a)(1)–(6), but Maehr does not argue that any of these exceptions applies.

1986).  The district court properly dismissed Maehr's action for lack of subject matter jurisdiction.

**D.  Denial of Motion for Preliminary Injunction**

"We review the decision to deny a motion for a preliminary injunction for abuse of discretion."  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  Once the district court dismissed the case, that purpose could no longer be served.  The district court did not abuse its discretion in denying Maehr's motion for a preliminary injunction as moot after dismissing the case.  *See, e.g.*, *Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) ("[T]he claim upon which the request for a preliminary injunction was based . . . was dismissed by the district court, and this action certainly mooted" any consideration of whether the preliminary injunction should have been granted).

### III.  Conclusion

We affirm the district court's denial of Maehr's motion seeking the empanelment of a grand jury, its dismissal of this action, and its denial of Maehr's request for a preliminary injunction.  We grant Maehr's motion to proceed *in forma pauperis* on appeal.

Entered for the Court


Joel M. Carson III
Circuit Judge